UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DEBORAH R. SULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 04-3039 |
| | ) |
| THE ILLINOIS DEPARTMENT OF | ) |
| PUBLIC AID, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, ILLINOIS DEPARTMENT OF PUBLIC AID, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Reply In Support of Its Motion for Summary Judgment states as follows:

**I.   REPLY TO PLAINTIFF'S CONTENTION OF IMMATERIAL FACTS**

**A.   Paragraphs 39-41 of Defendant's Statement of Material Facts are material**

Paragraphs 39 - 41 of Defendant's Statement of Material Facts detail various pay increases and promotions Plaintiff received after her cooperation with the Thallman complaint. These facts are material to Plaintiff's claim that she was being retaliated against. It is significant that Ms. Sullins was promoted and given raises by the Department of Public Aid at the very time the Department of Public Aid was supposedly retaliating against her.

**II.   REPLY TO ADDITIONAL MATERIAL FACTS**

**A.   UNDISPUTED FACTS**

The following numbered paragraphs are conceded to be material and undisputed for the purposes of this Motion for Summary Judgment only:

1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 33, 34, 35, 39, 40, 42, 43, 45, 46, 47, 48, 49, 50, 51, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 128, 134, 137, 138, 139, 140, 142, 145, 146, 147, 151, 152, 153, 155, 156, 157, 158, 159, 160, 162, 163, 164, 165, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 201, 202, 203, 204, 205, 206, 207, 208, 213, 216

99.  Defendant admits Paragraph 99 except that the individual referenced is Mark Scheff and not Mark Schuh.

### B. **IMMATERIAL FACTS**

8.  Defendant objects to Paragraph 8 as immaterial. Lenna Degroot's opinion regarding Ms. Sullins in this regard is not related to any of the arguments raised in the Motion for Summary Judgment or in the Plaintiff's Response.

31.  Defendant objects to Paragraph 31 as immaterial. Paragraph 31 refers to Mr. Bradley's interpretation of the Bureau's policy. Mr. Bradley's interpretation of the policy is immaterial. The policy speaks for itself.

32.  Defendant objects to Paragraph 32 as immaterial. Paragraph 32 refers to Mr. Bradley's interpretation of the Bureau's policy. Mr. Bradley's interpretation of the policy is immaterial. The policy speaks for itself.

36.  Defendant objects to Paragraph 36 as immaterial. Plaintiff's subjective opinion of the way Mr. Scheff spoke to women as opposed to men is not relevant and would not be admissible at trial. Mr. Scheff allegedly asking Ms. Fletcher "how's the little woman today" is immaterial. The question is not on its face offensive, and there is no evidence that Ms. Fletcher was offended by the question or that she ever asked him to stop. Furthermore, the comments alleged in Paragraph 36 are immaterial to Ms. Sullins' complaint because the comments were not addressed towards Ms. Sullins.

Defendant also objects to Paragraph 36 as it is without foundation. Plaintiff does not indicate where the comments were made. Plaintiff also fails to indicate whether or not she heard the comments herself or whether her affidavit is based on hearsay. There is also no time-frame given for the alleged comments.

Defendant further objects to Paragraph 36 as Plaintiff failed to disclose any of these alleged comments during discovery. Plaintiff was asked to identify all of the comments of which she was complaining during her deposition. (Exhibit A, p. 44, line 4 – p. 87, line 19). Plaintiff did not mention any of the comments alleged in Paragraph 36. Plaintiff also failed to mention her subjective opinion that Mr. Scheff spoke differently to woman than men until after receiving the Defendant's Motion for Summary Judgment. Because the Affidavit conflicts with Plaintiff's sworn testimony without explaining the discrepancy, and therefore is "so lacking in credibility as to be entitled to zero weight in summary judgment proceedings." See Beckel v. Wal-Mart Assoc., Inc., 301 F.3d 621, 623 (7th Cir. 2002) (Affidavit of Plaintiff, who testified that she didn't remember anything else during deposition, was entitled to zero weight. Plaintiff's attorney should have refreshed client's memory with leading questions, and the attorney's mistake can not be corrected by a deposition contradicting the deposition testimony.) Plaintiff's self serving affidavit, which lacks factual support in the record, cannot defeat Defendant's Motion for Summary Judgment. See Slowiak v. Land O'Lakes, 987 F.2d 1293, 1296 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

37. Defendant objects to Paragraph 37 as immaterial. Plaintiff's subjective impression of the way Mr. Scheff spoke to women is not relevant. Also, Plaintiff failed to disclose her impression that Mr. Scheff talked down to women during her deposition. See

3

Beckel, 301 F.3d at 623 and discussion under ¶36 above. Plaintiff's self serving affidavit, which lacks factual support in the record, cannot defeat Defendant's Motion for Summary Judgment. See Slowiak v. Land O'Lakes, 987 F.2d 1293, 1296 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

38. Defendant objects to Paragraph 38 as immaterial. The alleged fact that Mr. Scheff made sexual comments to women is irrelevant in light of the fact that he also made such comments to men on a daily basis. While Plaintiff states generally that Mr. Scheff made sexual comments to women more frequently than men, she has failed to allege a single sexual comment that was addressed to a woman that was not also addressed to a man. Plaintiff herself can only recall one conversation that she overheard involving Mr. Scheff in which Mr. Scheff did not make a sexual comment, including both conversations with women and men. Also, Plaintiff never disclosed that she believed the comments were made more frequently to women than to men until after Defendant filed its Motion for Summary Judgment. See Beckel, 301 F.3d at 623 and discussion under ¶36 above. Plaintiff's self serving affidavit, which lacks factual support in the record, cannot defeat Defendant's Motion for Summary Judgment. See Slowiak v. Land O'Lakes, 987 F.2d 1293, 1296 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

Plaintiff has also failed to provide foundation for the allegations of Paragraph 38. Plaintiff does not indicate where Mr. Scheff made these comments, who was present, the specific time the comments were made, and whether she heard the comments or is relying on hearsay.

41.     Defendant objects to Paragraph 41 as immaterial. Mr. Scheff's decision to seek assistance from men rather than women is not relevant to Plaintiff's claims. Furthermore, there is no foundation given for the alleged statement that women are not as intelligent as men. Plaintiff does not specify where the comments were allegedly made, who was present, the specific time the comments were made, and whether she heard the comments or is relying on hearsay.

In addition, Plaintiff failed to disclose any of the allegations of Paragraph 41 until after Defendant filed its Motion for Summary Judgment. See Beckel, 301 F.3d at 623 and discussion under ¶36 above. Plaintiff's self serving affidavit, which lacks factual support in the record, cannot defeat Defendant's Motion for Summary Judgment. See Slowiak v. Land O'Lakes, 987 F.2d 1293, 1296 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

44.     Defendant objects to Paragraph 44 as immaterial. Plaintiff's experience of what was "fairly typical of the way adults behaved" is immaterial to the arguments raised in the Motion for Summary Judgment or in the Plaintiff's response.

52.     Defendant objects to Paragraph 52 as immaterial. Even if complaints about Mr. Scheff's behavior were ignored, Defendant would still be entitled to summary judgment because Mr. Scheff's behavior did not constitute sexual harassment under Title VII.

53.     Defendant objects to Paragraph 53 as immaterial. Even if complaints about Mr. Scheff's behavior were ignored, Defendant would still be entitled to summary judgment because Mr. Scheff's behavior did not constitute sexual harassment under Title VII.

54.     Defendant objects to Paragraph 54 as immaterial. Even if complaints about Mr. Scheff's behavior were ignored, Defendant would still be entitled to summary judgment because Mr. Scheff's behavior did not constitute sexual harassment under Title VII.

60. Defendant objects to Paragraph 52 as immaterial. Even if complaints about Mr. Scheff's behavior were ignored, Defendant would still be entitled to summary judgment because Mr. Scheff's behavior did not constitute sexual harassment under Title VII.

110. Defendant objects to the last sentence of Paragraph 110 as immaterial and as inadmissible opinion testimony. Ms. Whetstone's opinion of the credibility of Ms. Thallman is immaterial to the arguments raised in the Motion for Summary Judgment or in the Plaintiff's response. Furthermore, Ms. Whetstone's opinion of the credibility of Ms. Thallman would not be admissible at trial and therefore is inadmissable for the purposes of summary judgment.

111. Defendant objects to Paragraph 111 as immaterial. The frequency with which sexual harassment cases are assigned to Ms. Whetstone, her status as the only female investigator, and the expectations upon her as an investigator are not material to any of the arguments in the Motion for Summary Judgment or the Plaintiff's Response.

112. Defendant objects to Paragraph 112 as immaterial. The number of sexual harassment investigations in which Ms. Whetstone has been involved is not material to any of the arguments raised in the Motion for Summary Judgment or in the Plaintiff's Response.

113. Defendant objects to Paragraph 113 as immaterial and inadmissable opinion evidence. Ms. DeGroot's opinion of Ms. Thallman is not material to the arguments raised in the Motion for Summary Judgment or in the Plaintiff's Response. Ms. DeGroot's opinion would not be admissible at trial and therefore is inadmissable for the purposes of summary judgment.

122. Defendant objects to Paragraph 122 as immaterial, inadmissible opinion evidence and speculation. Mr. Scheff's opinion about what might have happened had Ms.

Thallman's complaint been directed to Jodie Edmonds is immaterial to the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response. Mr. Scheff's speculation and opinion would not be admissible at trial and therefore is inadmissible for the purposes of summary judgment.

125. Defendant objects to Paragraph 125 as immaterial. The refusal of the male and female employees to speak to one another is immaterial to the arguments raised in the Motion for Summary Judgment or in the Plaintiff's Response.

126. Defendant objects to Paragraph 126 as immaterial. The fact that only female employees complained about the conduct is immaterial. The relevant issue is at whom the conduct was directed, not who complained about the conduct.

127-130. Defendant objects to Paragraphs 127-130 as immaterial and as inadmissable opinion testimony. Ms. Whetstone's experience as an investigator and the outcome of previous investigations is immaterial, as is Ms. Whetstone's opinion as to the severity of Mr. Scheff's conduct or as to what discipline Mr. Scheff should have received. Ms. Whetstone's opinions would be inadmissable at trial and therefore are inadmissable for summary judgment purposes.

133. Defendant objects to Paragraph 133 as immaterial. Whether or not Ms. Whetsone spoke with Plaintiff about Mr. Scheff is immaterial to the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response.

141. Defendant objects to Paragraph 141 as immaterial and as inadmissable opinion testimony. Ms. Knighten's opinion regarding the level of discipline that should have been imposed on Mr. Scheff is not material to any of the arguments raised in the Motion for Summary Judgment of in Plaintiff's Response. Furthermore, Ms. Knighten's opinion

would not be admissible at trial and is therefore inadmissable for the purposes of summary judgment.

143. Defendant objects to Paragraph 143 as immaterial. The fact that Ms. Knighten cannot recall other sexual harassment allegations which did not come to her attention or sexual harassment allegations in which she did not make a disciplinary recommendation is not material to the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response.

144. Defendant objects to Paragraph 144 as immaterial. The fact that Ms. Knighten's opinion was not sought is immaterial to the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response.

148. Defendant objects to Paragraph 148 as immaterial. The fact that Mr. Scheff was provided with copies of the statement of the witnesses against him is not material to the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response.

149. Defendant objects to Paragraph 149 as immaterial and inadmissable opinion testimony. Mr. Scheff's opinion regarding the credibility of Ms. Fletcher is not material to any of the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response. Furthermore, Mr. Scheff's opinion would not be admissible at trial and is therefore inadmissible for the purposes of summary judgment.

150. Defendant objects to Paragraph 150 as immaterial and inadmissable opinion testimony. Mr. Scheff's opinion regarding the truthfulness of Ms. DuFour is not material to any of the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response. Furthermore, Mr. Scheff's opinion would not be admissible at trial and is therefore inadmissible for the purposes of summary judgment.

154. Defendant objects to Paragraph 154 as immaterial. The fact that Mr. Scheff wore a trench coat is immaterial in light of the fact that he had worn the same trench coat during the winter for 5 years. (Ex. J, p. 95, lines 1-2).

161. Defendant objects to Paragraph 161 as immaterial. The fact that Ms. DeGroot and Ms. Edmonds agreed to be on a witness list is not material to any of the arguments raised in the Motion for Summary Judgment or Plaintiff's Response.

208. Defendant objects to Paragraph 208 as immaterial. Even if no one did speak to Mr. Scheff, Defendant would be entitled to summary judgment because Mr. Scheff's conduct did not constitute sexual harassment pursuant to Title VII.

209-211. Defendant objects to Paragraphs 209-211 as immaterial and as inadmissable opinion testimony. Mr. Scheff's opinion of these issue is not material to any of the arguments raised in the Motion for Summary Judgment or in Plaintiff's Response. Furthermore, Mr. Scheff's opinions would not be admissible at trail and therefore are inadmissable for purposes of summary judgment.

212. Defendant objects to Paragraph 212 as inadmissable hearsay. The paragraph is based on an out-of-court statement made by Ms. Bangert and is offered for the truth of the matter asserted.

214. Defendant objects to Paragraph 214 as immaterial. Because no reasonable jury could conclude that Plaintiff's work situation was intolerable, any voluntary demotion she might have taken would be immaterial.

215. Defendant objects to Paragraph 215 as immaterial. Because no reasonable jury could conclude that Plaintiff's work situation was intolerable, any voluntary demotion she might have taken would be immaterial.

217. Defendant objects to Paragraph 217 as immaterial. Because no reasonable jury could conclude that Plaintiff's work situation was intolerable, any voluntary demotion she might have taken would be immaterial.

218. Defendant objects to Paragraph 218 as immaterial. Because no reasonable jury could conclude that Plaintiff's work situation was intolerable, any voluntary demotion she might have taken would be immaterial.

### C. MATERIAL BUT DISPUTED FACTS

131. Defendant objects to Paragraph 131 as inadmissable hearsay. The paragraph is based on an out-of-court statement that Ms. Bangert allegedly made to Ms. Whetstone and is offered for the truth of the matter asserted.

132. Defendant objects to Paragraph 132 as inadmissable hearsay to the extent it relays events allegedly witnessed by Ms. Powell. The paragraph is based on an out-of-court statement Ms. Powell allegedly made to Ms. Whetstone and is offered for the truth of the matter asserted.

133. Defendant objects to Paragraph 133 as inadmissable hearsay. The paragraph is based on an out-of-court statement written by Ms. DuFour as is offered for the truth of the matter asserted.

166. Defendant objects to Paragraph 166 as inadmissable hearsay. The paragraph is based on an out-of-court statement written by Ms. Fletcher and is offered for the truth of the matters asserted.

167. Defendant objects to Paragraph 167 as inadmissable hearsay. The paragraph is based on an out-of-court statement made by Ms. DuFour and is offered for the truth of the matter asserted.

### III. ARGUMENT

### A. Plaintiff was not placed at a disadvantage because of her gender.

#### 1. The "daily comments" of which Plaintiff complains were made to a group of men and merely overheard by the Plaintiff.

Ms. Sullins claims that she was subjected to a hostile work environment when she overheard Mr. Scheff make graphic comments of a sexual nature on an almost daily basis. However, according to Ms. Sullins' deposition testimony, these daily comments were not made in her immediate presence. Rather, they were made in the confines of the office next to hers and directed at a group of men. Ms. Sullins testified that Mark Scheff, Jim Schuh, Joe Roberts, and Mike Sandidge would often congregate in the office adjacent to Ms. Sullins'. (Exhibit A, pp. 72, 77; Sullins Affidavit ¶¶ 21-23). The daily comments Ms. Sullins complains of occurred during conversations amongst these four men. Ms. Sullins would overhear these comments because she happened to have the next door office. Mr. Scheff's comments during these conversations were not directed at Ms. Sullins or any other woman but rather were directed towards the other three men in the enclosed office. Therefore, Ms. Sullins was not subjected to the daily comments based on her gender.

Ms. Sullins' own testimony demonstrates Mr. Scheff's boorish behavior was equally disbursed between men and women, if not primarily directed towards men and not women. Ms. Sullins testified that she would overhear Mr. Scheff making sexually explicit comments to other men on an almost daily basis. These comments would be made while Mr. Scheff was in an office talking to three men and no women. In fact, Ms. Sullins could only think of one conversation involving Mr. Scheff in which a sexual comment was not made. (Ms. Sullins' Affidavit ¶19). This includes both conversations in which Ms. Sullins was involved and those she overheard, and it includes conversations in which Mr. Scheff was speaking

11

to men. The fact that Mr. Scheff almost always made sexual comments no matter whom he was speaking to demonstrates that his boorish behavior was not directed at females. *See* Holman v. Indiana, 211 F.3d 399, 403 (7th Cir. 2000) (no violation where behavior is directed at both men and women); *see also* Moser v. Indiana Dept. Of Corrections, 406 F.3d 895, 903 (Title VII is not a code of general civility).

In support of her argument that Mr. Scheff's behavior was based on her sex, Ms. Sullins' claims that Jim Schuh "has no recollections of Scheff making comments of a graphic sexual nature other than an isolated incident." (Response at p. 50). In support of this claim, Ms. Sullins cites to "¶71 of the Plaintiff's Statement." Paragraph 71 of Plaintiff's Statement says that Mr. Scheff only recalls making one sexual comment to Mr. Schuh. It says nothing about Mr. Schuh's recollections. Mr. Schuh has never been deposed in this litigation, and no affidavit from Mr. Schuh has been presented to the Court. Plaintiff's claims about Mr. Schuh's recollections appear to be based on, at best, hearsay.

Even if Mr. Schuh had testified that he did not recall any sexual comments, such testimony would not benefit Ms. Sullins. Ms. Sullins herself testified that Mr. Scheff's daily comments were made to men, including Mr. Schuh, and that she merely overheard them. She cannot create a question of material fact by discrediting her own testimony.

    **B.    Mr. Scheff's treatment of Plaintiff, not his general attitude toward women, is relevant to Ms. Sullins' claim of sexual harassment.**

Ms. Sullins claims that Mr. Scheff was "condescending to women." In support of this claim, Ms. Sullins alleges that Mr. Scheff would greet Velva Fletcher with the question "how's the little woman today" and would refer to P.K. Luttrell as the big blonde bombshell. These comments might be relevant if Ms. Fletcher or Ms. Luttrell was a plaintiff in this litigation. However, for Ms. Sullins to survive summary judgment, she needs to provide

some evidence that Mr. Scheff treated her worse than he treated male co-workers because she was a female. Allegations that Mr. Scheff made joking remarks to other women does not help Ms. Sullins establish that *she* was treated differently on the basis of her sex.

Ms. Sullins also claims that Mr. Scheff "Had little regard for the competence of women in the workplace" and that he believed that women were unfairly promoted over men within the department. Again, this claim is irrelevant in light of the lack of any evidence that Mr. Scheff treated Ms. Sullins differently than he treated male co-workers. Title VII does not create liability for employers who hire employees who disagree with promotion choices. As a government employee, Mr. Scheff is entitled to express his opinion that men are discriminated against in promotion decisions just as a female would be entitled to express her opinion that women are discriminated against. The focus of the analysis needs to be on the treatment of Ms. Sullins as compared to male co-workers. The record demonstrates that Mr. Scheff treated Ms. Sullins the same way he treated male co-workers.

Ms. Sullins claims that Mr. Scheff "may occasionally have used profanities and vulgarities in his talk with men." (Response at p. 51). This claim directly contradicts Ms. Sullins' deposition testimony as well as her own affidavit attached to her response. Ms. Sullins has consistently maintained that Mr. Scheff made sexual comments on a daily basis to male co-workers Jim Schuh, Joe Roberts, and Mike Sandidge. (Exhibit A, pp. 72, 77; Sullins Affidavit ¶¶ 21-23; Plaintiff's Statement of Facts ¶49). Ms. Sullins overheard these conversations because they took place in the office next to hers. Ms. Sullins saw Mr. Scheff interacting with both men and women multiple times per day, and she can think of only one conversation involving Mr. Scheff in which a sexual reference was not used. (Sullins Affidavit at ¶¶9, 19). This is not limited to conversations in which Mr. Scheff was

talking with women, but also conversations he had with men which Ms. Sullins overheard (including the daily conversations in the next door office). In fact, according to Paragraph 59 of Plaintiff's Statement of Facts, "Mr. Scheff's conduct in making sexually graphic comments was consistent. He did it all the time, day in and day out." The record, particularly Ms. Sullins' own testimony and affidavit, demonstrate that Mr. Scheff's boorish and rude method of communication was directed to men and women equally.[1]

A look at the specific allegations of comments made by Mr. Scheff in Plaintiff's statement of material facts further establishes that Mr. Scheff's comments were directed at men at least as much as there were at women:

- October 2000 – Mr. Scheff makes comments of a "fairly graphic sexual nature" during a conversation with Mr. Schuh. Ms. Thallman overhears the discussion. (Plaintiff's Statement of Facts ¶103).

- October 2000 – Mr. Scheff has conversation with Mr. Schuh describing conduct of a sexual nature. This conversation is overheard by Ms. Thallman. (Plaintiff's Statement of Facts ¶115).
- Mr. Scheff made a comment about realtor Fritz Pfister (a male) while speaking with Mr. Roberts and Mr. Sandidge. The comment was overheard by Sheri Bangert. (Plaintiff's Statement of Facts ¶131, Whetstone Dep pp. 91-92).

Plaintiff's Statement of Material Facts does not allege any sexual comments that Mr. Scheff is alleged to have made directly to a female employee. All of the comments were directed towards men and overheard by women. Of course, even if Mr. Scheff did direct his comments at women more than men in general, Ms. Sullins would still have to provide evidence that Mr. Scheff subjected *her* to his comments because she was a woman. Ms.

---

[1]Plaintiff's claims that Mr. Scheff directed sexual comments to women more than men rely solely on her self-serving affidavit created after Defendant filed its Motion for Summary Judgment. These claims have no other support in the record. This is insufficient to defeat Defendant's Motion for Summary Judgment. See Slowiak v. Land O'Lakes, 987 F.2d 1293, 1296 (7th Cir. 1993) ("Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.").

Sullins has not pointed to any sexually explicit comments which were directed at her because she was a female.

Based on the evidence in the record, particularly Ms. Sullins' testimony and affidavit, no reasonable juror could conclude that Ms. Sullins was placed at a disadvantage because of her gender. Ms. Sullins was not subjected to any graphic sexual comments to which male co-workers were not also subjected. In fact, Ms. Sullins herself describes her relationship with Mr. Scheff prior to the Thallman complaint as "uneventful." (Plaintiff's Response at p. 60).

### B. Plaintiff was not retaliated against

#### 1. Plaintiff did not suffer an adverse employment action

Plaintiff complains that after she was interviewed in the Mary Thallman investigation, Mark Scheff began walking past her office, standing where she wanted to be during her breaks, and looking at her. Ms. Sullins claims that she took a voluntary demotion to get away from this behavior. This alleged "voluntary demotion" does not constitute an adverse employment action because the unwanted behavior did not create an intolerable working condition. *See* Simpson v. Borg-Warned Automotive, Inc, 196 F.3d 873, 876 (7th Cir. 1999)[2]; *see also* McKenzie v. Milwaukee County, 381 F.3d 619, 625 (7th Cir. 2004) (No hostile work environment where fellow employee failed to greet plaintiff, was standoffish, unfriendly, and unapproachable.)

The conduct of Mr. Scheff is not severe enough to create an adverse employment action. It is not alleged that Mr. Scheff in anyway touched or threatened to touch Ms. Sullins. It is not alleged that Mr. Scheff made derogatory comments towards Ms. Sullins.

---

[2]This issue is discussed more fully in Defendant's Motion for Summary Judgment.

15

Rather, it is alleged that Mr. Scheff would walk past Ms. Sullins' office (without speaking), would look at Ms. Sullins (without speaking), and would "loiter" in the places where Ms. Sullins wished to take her breaks (without speaking to Ms. Sullins). These allegations are simply not severe enough to establish an adverse employment action or retaliation.

Even if Mr. Scheff's behavior did constitute retaliation, there is no basis for liability as to the Department of Public Aid. It is undisputed that Mr. Scheff was instructed to stay away from the area of Ms. Sullins' office by Steve Bradley. (Plaintiff's Statement of Facts ¶165, 200, 201). When Mr. Bradley found out that Mr. Scheff was going into the area of Ms. Sullins' office, he sent an Mr. Scheff an email reiterating his earlier instructions. (Exhibit C, p. 58, line 6 – p.59, line 22). This was a reasonable response to Mr. Scheff's behavior considering that Mr. Scheff did not engage in any objectively threatening or intimidating behavior.

### 2.    Plaintiff did not engage in protected activity

Plaintiff did not engage in protected activity because the activity she was opposing was not prohibited by Title VII. The Thallman investigation involved a comment Mr. Scheff made to Mr. Schuh that Ms. Thallman overheard. As demonstrated above, the record contains no evidence from which a reasonable juror could conclude that Mr. Scheff's boorish behavior was based on the gender of those around him. To support a claim of retaliation, the underlying complaint "cannot be without legal foundation, but must concern the type of activity that, under some circumstances, supports a charge of sexual harassment. [citation omitted] "If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable." Hamner v. St. Vincent Hospital, 224 F.3d 701, 707 (7th Cir. 2000) see also Hamm v. Weyauwega Milk Products, Inc., 332 F.3d 1058, 1066

16

(7th Cir. 2003) (Plaintiff's retaliation claim failed because he could not show that the complained of harassment was because of his sex and therefore his complaint did not concern an employment practice that violated Title VII.) Because Ms. Sullins' activity was not protected, she cannot bring a Title VII retaliation complaint.

### 3. No link between any protected activity and any adverse employment action

To establish that the Department of Public Aid retaliated against her, Plaintiff must show that the Department took some action or refused to take some action because she cooperated with the Thallman investigation. It is not enough for Ms. Sullins to establish that Mr. Scheff retaliated against her because of her involvement with the Thallman investigation because Mr. Scheff is not a defendant in this case. Ms. Sullins alleges that the Department ignored her complaints about Mr. Scheff because she cooperated with the Thallman investigation (as she was ordered to do by the Department). However, Ms. Sullins also claims that the Department ignored her complaints about Mr. Scheff before the Thallman complaint. Because the Department's behavior, as portrayed by Ms. Sullins, was consistent both before and after her allegedly protected activity, there is no basis for her assertion that the Department of Public Aid retaliated against her.

In addition, Plaintiff cannot establish that Mr. Scheff's conduct was in retaliation for her participation in the Thallman investigation. Ms. Sullins was one of several employees who were interviewed as part of the Thallman investigation. If fact, most of the employees who worked with Mr. Scheff were interviewed. To the extent Mr. Scheff went out of his way to walk past Ms. Sullins' office and be in her presence, it can not have been based on her being interviewed as part of the Thallman investigation because the rest of Mr. Scheff's coworkers were also interviewed.

17

WHEREFORE, Defendant respectfully requests that this Honorable Court grant summary judgment for Defendant and against Plaintiff on all counts of her Complaint.

Respectfully submitted,

ILLINOIS DEPARTMENT OF PUBLIC AID,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois


By: s/ Thomas H. Klein
    Thomas H. Klein, #6271653
    Sarah R. Kerley, #6283449
    Assistant Attorneys General
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 785-4555
    Facsimile:   (217) 524-5091
    E-Mail:  tklein@atg.state.il.us

## CERTIFICATE OF SERVICE

    I hereby certify that on January 17, 2006, I electronically filed the foregoing Reply in Support of Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    James P. Baker
    carenbakerlaw@sbcglobal.net

and I hereby certify that on January 17, 2006, I mailed by United States Postal Service, the document to the following non-registered participant:

    None.

    Respectfully submitted,

    /s/ Thomas H. Klein
    Thomas H. Klein, #6271653
    Sarah R. Kerley, #6283449
    Assistant Attorneys General
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 785-4555
    Facsimile:  (217) 524-5091
    tklein@atg.state.il.us