E-FILED
Friday, 24 March, 2006  03:06:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEBORAH R. SULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  04-3039 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF PUBLIC AID, | ) | |
| | ) | |
| Defendant. | ) | |

## PRE-TRIAL ORDER

This matter came before the Court for a pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1(E) on March 24, 2006.  James P. Baker and John Taylor appeared on behalf of the Plaintiff, DEBORAH R. SULLINS ["Plaintiff"], and Matthew Bilinsky, Thomas Klein and Sarah Kerley appeared on behalf of the Defendant, the ILLINOIS DEPARTMENT OF PUBLIC AID ["Department"].

### STATEMENT OF JURISDICTION AND NATURE OF THE CLAIM

This action is maintained by the Plaintiff under the terms of the Title VII of the "Civil Rights Act of 1964" (42 U.S.C. §2000e).  The jurisdiction of this court was invoked pursuant to the terms of Title 42, United States Code, §2000e(3) and §2000e-5.  This action is brought in furtherance of the terms of a certain act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of gender, race, religion or national origin and also providing protection against acts of retaliation motivated because an individual participates in opposing practices prohibited by the Act.

The venue of this court to entertain the issues raised in this case is appropriate by virtue of the terms of 28 U.S.C. §1291(b) since the Defendant engaged in activities within the judicial district of this court.

In this case, the Plaintiff claims that the Department knew or should have known that one or more of its employees retaliated against her because of her actions in cooperating with an investigation, that the Department failed to take reasonable steps to remedy the retaliation, and that the retaliation created a materially adverse employment action against the Plaintiff.

### STIPULATION OF THE PLAINTIFF, DEBORAH R. SULLINS, AND THE DEPARTMENT

Appended to this order as Exhibit A is a stipulation previously entered into by the parties of uncontested facts.

### UNCONTESTED ISSUES OF LAW

1. The Plaintiff did timely initiate both the above captioned civil proceeding as well as all administrative claims which are a prerequisite to the maintenance of the above cause of action.

2. The Department is an employer within the meaning of that term as used in Title VII of the "Civil Rights Act of 1964."

### CONTESTED ISSUES OF FACT

The following is a summary of the ultimate facts which are in dispute:

1.a. Whether Plaintiff suffered an adverse employment action as the result of treatment she received from one or more employees of the Department.

1.b.  Whether Plaintiff suffered an adverse employment action due to the actions of Mark Scheff.

2.a.  Whether the actions of the Plaintiff, in cooperating with a sexual harassment investigation, were a motivating factor for the complained treatment extended toward the Plaintiff by one or more employees of the Department.

2.b.  Whether the actions of the Plaintiff, in cooperating with a sexual harassment investigation, were a motivating factor for the complained treatment extended toward the Plaintiff by Mark Scheff.

3.  Whether the Plaintiff engaged in conduct protected by the terms of Title VII of the "Civil Rights Act of 1964" (42 U.S.C. § 2000e-3).

4.a.  Whether the Department knew or should have known that one or more of its employees were retaliating against Plaintiff for conduct protected by the terms of Title VII of the "Civil Rights Act of 1964" (42 U.S.C. § 2000e-3).

4.b.  Whether the Defendant knew or should have known that Mark Scheff was retaliating against Plaintiff for conduct protected by the terms of Title VII of the "Civil Rights Act of 1964" (42 U.S.C. § 2000e-3).

5.a.  Whether the Defendant failed to take reasonable steps to prevent the retaliation directed toward the Plaintiff.

5.b.  Whether the Defendant failed to take reasonable steps to prevent the retaliation of Mark Scheff.

6.  Whether the Plaintiff sustained damages to the extent claimed by her.

## CONTESTED ISSUES OF LAW

The following are the issues of law which are in dispute:

1. Whether the action or inaction by the Department with respect to the treatment directed toward the Plaintiff constitutes a violation of 42 U.S.C. §2000e-3.

2. Whether the Plaintiff engaged in conduct protected by 42 U.S.C. § 2000e-3.

3. Whether the Plaintiff suffered any material adverse employment because of her actions in cooperating with a sexual harassment investigation.

4. Whether certain witnesses are properly classified as "adverse."

## STIPULATED USE OF DEPOSITIONS

Both parties also reserve the right to offer into evidence any depositions, or portions thereof, as provided for as to parties under the Federal Rule of Civil Procedure 32(a)(1) and (2) and as to non-party witnesses under Federal Rule of Civil Procedure 32(a)(3).

## WITNESSES

Appended to this Order as Exhibits B and C are the witnesses the Plaintiff and the Department respectively intend to call at trial.

## JURY DEMAND

The Plaintiff has previously demanded that all the issues in this proceeding be tried by jury. Because no waiver of that demand has been made, this proceeding shall be tried before a jury. Question concerning equitable relief, if any, shall be tried to the Court.

## EXHIBITS

Appended to this order as Exhibits D and E are the exhibit lists of the Plaintiff and the Department respectively, which each intends to admit into evidence at trial.

Page 4 of 6

## PROPOSED JURY INSTRUCTIONS

Appended to this order as Exhibits F and G are the proposed jury instructions of the Plaintiff and the Department respectively.

## GENERAL ADDITIONAL

Neither the Plaintiff nor the Department will present evidence through the use of an expert witness other than the Plaintiff's healthcare providers identified on Exhibit B.

Other than to the extent provided above, a party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other party prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will be five (5) full days. The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

_3-24-06_
DATE

s/Jeanne E. Scott
JUDGE

Page 5 of 6

Approved as to form and substance:

DEBORAH R. SULLINS

                    s/ James P. Baker
BY: _____

James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: brendabakerlaw@sbcglobal.net
(Pretrial/sullinsdorder 032006)

John P. Taylor (6256758)
Attorney at Law
P.O. Box 3364
Springfield, Illinois   62708
Telephone: (217) 525-5100
Facsimile: (217) 523-1594
E-mail: johnptaylor@insightbb.com


ILLINOIS DEPARTMENT OF PUBLIC
AID
                    s/Thomas Klein
BY: _____
Thomas H. Klein, #6271653
Sarah R. Kerley, #6283449
Matthew D. Bilinsky, #6217270
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois   62701
Telephone: (217) 785-4555
Facsimilie: (217) 524-5091

Page 6 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DEBORAH R. SULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-3039 |
| | ) |
| THE ILLINOIS DEPARTMENT OF PUBLIC | ) |
| AID, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF UNCONTESTED FACTS

COMES NOW the Plaintiff, DEBORAH R. SULLINS, by and through her attorneys, James P. Baker and John Taylor, and the Defendant, the ILLINOIS DEPARTMENT OF PUBLIC AID ["Department"], by and through its attorneys, Thomas Klein, Sarah Kerley and Matthew Bilinksy, and do by this instrument stipulate and agree that certain facts are not in dispute in the above captioned proceeding. The parties further agree that the following statement of uncontested facts may be read to the finder of fact and be considered by it along with all other evidence presented in this proceeding in deciding the issues in dispute in the above proceeding. The statement of facts which are not in dispute are as follows:

1. The Plaintiff, DEBORAH R. SULLINS, began working for the Department in November of 1986. In February of 2000 she transferred to the Bureau of Comprehensive Health Services where she worked as a Medical Assistant Consultant ["MAC"]. She worked in the hospital unit which was headed by Jodie Edmunds. During the time period the Plaintiff, DEBORAH R. SULLINS, worked in that Bureau, its chief was Steve Bradley.

2. In 2000 there were two teams of MACs who worked in the hospital unit. One team was headed by Marvin Ross. The other team was headed by Lenna DeGroot. The Plaintiff, DEBORAH R. SULLINS, was a member of the DeGroot team and Lenna DeGroot was her immediate supervisor.

3. Mark Scheff, during the years 2000 and 2001, worked in the hospital unit as a MAC.

4. In early October of 2000 the Plaintiff, DEBORAH R. SULLINS, was promoted to the position of Executive II where she served as the Coordinator of the State Renal Program. Jodie Edmonds recommended that Plaintiff, DEBORAH R. SULLINS, be promoted to that position.

5. During the year 2000 Mary Thallman worked as a MAC on the team headed by Lenna DeGroot. She shared an office with Jim Schuh.

DEBORAH R. SULLINS

BY:     s/ James P. Baker

James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: brendabakerlaw@sbcglobal.net
(Pretrial/sullinsduncontestedfacts 032006)

John P. Taylor (6256758)
Attorney at Law
P.O. Box 3364
Springfield, Illinois  62708
Telephone: (217) 525-5100
Facsimile: (217) 523-1594
E-mail: johnptaylor@insightbb.com

ILLINOIS DEPARTMENT OF PUBLIC
AID

                    s/Thomas Klein
BY: _____

Thomas H. Klein, #6271653
Sarah R. Kerley, #6283449
Matthew D. Bilinsky, #6217270
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois   62701
Telephone: (217) 785-4555
Facsimilie: (217) 524-5091

# DUE TO PRIVACY ISSUES THE WITNESS

# LISTS HAVE BEEN REMOVED FROM THE

# FINAL PRETRIAL ORDER.

# THE WITNESS LISTS WILL BE MAILED

# CONVENTIONALLY TO ATTORNEYS OF

# RECORD AND/OR PRO SE PARTIES.

## **EXHIBIT D**

## **PLAINTIFF'S EXHIBIT LIST**

1.     October 19, 2000 memorandum from Steve Bradley to Mark Scheff

2.     Mark Scheff - disciplinary charges

3.     Mark Scheff - grievance

4.     Mark Scheff - April 30, 2001 position statement

5.     Jodie Edmunds:  witness listing for Mark Scheff

6.     Lenna DeGroot:  witness listing for Mark Scheff

7.     February, 2001 - organization chart for the Bureau of Comprehensive Health Services

8.     Illinois Department of Public Aid:  sexual harassment policy

9.     November 2, 2000 email from Deborah Sullins to Steve Bradley

10.    March 28, 2001 memorandum from Steve Bradley to Mark Scheff

11.    October 19, 2000 memorandum from Steve Bradley to Derrick Moscardelli

12.    January 25, 2001 memorandum from Steve Bradley to Carol Luttrell

13.    February 2, 2001 letter from Carol Posegate to the Department of Public Aid

14.    March 12, 2001 memorandum from Jodie Edmonds to Steve Bradley

15.    March 12, 2001 memorandum from Steve Bradley to Derrick Moscardelli

16.    March 12, 2001 emails between Deborah Sullins and Jodie Edmonds

17.    March 13, 2001 memorandum from Deborah Sullins to Steve Bradley

18.    March 13, 2001 email from Deborah Sullins to Steve Bradley

19.    March 13, 2001 emails between Deborah Sullins and Jodie Edmonds

20.    March 19, 2001 email from Laura Whetstone to Derrick Moscardelli

21.    March 19, 2001 emails exchanged between Steve Bradley and Janice Johnson

22.    March 27, 2001 memorandum from Deborah Sullins to Derrick Moscardelli

23.    March 28, 2001 memorandum from Steve Bradley to Mark Scheff

24.    March 29, 2001 emails between Steve Bradley and Terrance Tranquilli

25.    March 28, 2001 email from Jodie Edmunds to Steve Bradley

26.    Marvin Ross statement of March 15, 2001

27.    April 13, 2001 email from Jodie Edmunds to Cheryl Beckner

28.    June 28, 2001 memorandum from Janice Johnson to Raven Knighten

29.    June 29, 2001 Memorandum from Terrance Tranquilli to Mark Scheff

30.    Deborah Sullins - probationary evaluation as Executive II  **

31.    Jodie Edmunds' notes

32.    Jodie Edmunds March 13, 2001 statement

33.    Office of Inspector General:  June 28, 2001 report of investigation

34.    Lenna DeGroot statement of March 15, 2001

35.    July 10, 2001 memorandum from Derrick Moscardelli to Matt Powers

36.    March 28, 2001 memorandum from Steve Bradley to Mark Scheff

37.    Investigators case log - Mary Thallman investigation

38.    October, 2001 - emails exchanged between Raven Knighten and the Office of Inspector General regarding the Mary Thallman investigation

39.    Office of Inspector General - Mary Thallman referral

40.    Raven Knighten / Laura Whetstone - emails of October, 2000

41.    March 19, 2001 memorandum from Laura Whetstone to Derrick Moscardelli

42.    March 23, 2001 emails exchanged between Laura Whetstone and Pamela DuFour

43.  March, 2000 - emails between the Office of Inspector General and Steve Bradley regarding the Mary Thallman picture

44.  October 11, 2001 memorandum from Laura Whetstone to Terrance Tranquilli

45.  Merit Compensation and Performance System evaluation of Deborah Sullins from October 16, 2000 to February 15, 2001

46.  Deborah Taylor billing records

47.  Richard Alexander, M.D. billing records

48.  Karen Broquet, M.D. billing records

<u>Exhibit E</u>
<u>Defendant's Exhibit List</u>

1. Email from Plaintiff to Derrick Moscardelli, dated March 27, 2001

2. Email from Steve Bradley to Mark Scheff, dated March 28, 2001

3. Five-day suspension of Mark Scheff

4. Plaintiff's interview sheet regarding her internal complaint of Retaliation from interview of March 29, 2001

5. Plaintiff's journal

6. Partial Organizational Chart of the Department of Public Aid's Bureau of Comprehensive Health Services

7. Plaintiff's amended EEOC charge of Discrimination, dated July 13, 2001

In addition, Defendant reserves the right to use any exhibit identified by Plaintiff.

# EXHIBIT F

# PLAINTIFF'S JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Instruction No. 1
1.01 Federal Civil Jury Instructions of the Seventh Circuit

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Instruction No. 2
1.02 Federal Civil Jury Instructions of the Seventh Circuit

In this case the defendant is an agency of state government. All parties are equal before the law. An agency is entitled to the same fair consideration that you would give any individual person.

Plaintiff's Instruction No. 3
1.03 Federal Civil Jury Instructions of the Seventh Circuit

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

Plaintiff's Instruction No. 4
1.04 Federal Civil Jury Instructions of the Seventh Circuit

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Plaintiff's Instruction No. 5
1.05 Federal Civil Jury Instructions of the Seventh Circuit

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Instruction No. 6
1.06 Federal Civil Jury Instructions of the Seventh Circuit

The defendant is a state agency and can act only through its officers and employees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant state agency.

Plaintiff's Instruction No. 7
I.P.I. Instruction No. 50.11

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Instruction No. 8
1.08 Federal Civil Jury Instructions of the Seventh Circuit

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Instruction No. 9
1.09 Federal Civil Jury Instructions of the Seventh Circuit

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Instruction No. 10
1.11 Federal Civil Jury Instructions of the Seventh Circuit

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Instruction No. 11
1.12 Federal Civil Jury Instructions of the Seventh Circuit

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Instruction No. 12
1.13 Federal Civil Jury Instructions of the Seventh Circuit

You may consider statements given by *Witness under oath* before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Instruction No. 13
1.14 Federal Civil Jury Instructions of the Seventh Circuit

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Instruction No. 14
1.16 Federal Civil Jury Instructions of the Seventh Circuit

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Instruction No. 15
1.21 Federal Civil Jury Instructions of the Seventh Circuit

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Instruction No. 16
1.17 Federal Civil Jury Instructions of the Seventh Circuit

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Instruction No. 17
1.27 Federal Civil Jury Instructions of the Seventh Circuit

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Plaintiff's Instruction No. 18
1.31 Federal Civil Jury Instructions of the Seventh Circuit

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. If you find for the plaintiff, you should use Verdict Form A. If you find for the defendant, you should use Verdict Form B.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff's Instruction No. 19
1.32 Federal Civil Jury Instructions of the Seventh Circuit

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Plaintiff's Instruction No. 20
1.33 Federal Civil Jury Instructions of the Seventh Circuit

In the present case the Plaintiff bases her claim against the Defendant upon the terms of Title VII of the "Civil Rights Act of 1964." That Act provides, in part, that it is unlawful for an employer to discriminate against an employee with respect to the conditions or privileges of her employment because that individual has opposed any practice made unlawful by that Act.

Plaintiff's Instruction No. 21
42 U.S.C. §2000e-3

In this case the plaintiff claims that the defendant tolerated the plaintiff working in a hostile environment which work environment arose because she supported a sexual harassment investigation pertaining to the conduct of a co-employee. The defendant denies the plaintiff's claim.

To prevail in her claim, the plaintiff must prove by a preponderance of the evidence each of the following propositions:

First, she either encouraged or cooperated in a sexual harassment investigation into the conduct of a fellow employee;

Second, the plaintiff had a good faith belief that the fellow employee had engaged in sexual harassment when she participated in the investigation;

Third, one or more employees of the Department treated the plaintiff in a way that significantly altered her work environment for the worse because she participated in the sexual harassment investigation;

Fourth, that the Department knew or reasonably should have known of the treatment directed toward the plaintiff as described above;

Fifth, the defendant failed to promptly respond to the treatment directed toward the plaintiff in a way that was reasonably likely to prevent that type of conduct from reoccurring; and

Sixth, as a result of the conduct described above, the plaintiff has sustained damage.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant.

Plaintiff's Instruction No. 22
42 U.S.C. §2000e-3(a)
*Tart v. Illinois Power Company*, 366 F.3d 461 (7th Cir. 2004)
*Berry v. Delta Airlines, Incorporated*, 260 F.3d 803 (7th Cir. 2001)
*Heuer v. Weil-McCain*, 203 F.3d 1021 (7th Cir. 2000)
*Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027 (7th Cir. 1998)

If you find that Plaintiff has proved her claim against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

Plaintiff's Instruction No. 23
3.09 Federal Civil Jury Instructions of the Seventh Circuit

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering or disability/loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2. The reasonable value of healthcare that Plaintiff reasonably needed and actually received as well as the present value of the care that she is reasonably certain to need and receive in the future.

Plaintiff's Instruction No. 24
3.10 Federal Civil Jury Instructions of the Seventh Circuit

VERDICT FORM A

We the jury find for the plaintiff and against the defendant.

We award the plaintiff damages in the sum amount of $_____

which sum is apportioned as follows:

1. Compensation for emotional pain and suffering, disability

or loss of a normal life -                    $_____

2. The reasonable value of healthcare the plaintiff reasonably

needed and actually received as well as the care that she is

reasonably certain to need and receive in the future -$_____

_____
Presiding Juror

_____

_____

_____

_____

_____

_____

Plaintiff's Instruction No. 25

VERDICT FORM B

We, the Jury find for the defendant and against the plaintiff.

_____

Presiding Juror

_____

_____

_____

_____

_____

_____

_____

Plaintiff's Instruction No. 26

In this case the defendant is a State agency. All parties are equal before the law. A State agency is entitled to the same fair consideration that you would give any individual person.

Defendant's No. _
7th Circuit Pattern Jury Instruction 1.03

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

Defendant's No. _
7th Circuit Pattern Jury Instruction 1.04

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's No. _
7th Circuit Pattern Jury Instruction 1.06

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

It is proper for a lawyer to meet with any witness in preparation for trial

Defendant's No. _
7th Circuit Pattern Jury Instruction 1.16

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant's No. _
7th Circuit Pattern Jury Instruction 1.18

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant's No. _
7th Circuit Pattern Jury Instruction 1.27

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Defendant's No. _8_
7th Circuit Pattern Jury Instruction 1.31

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The positions of the parties can be summarized as follows:

Plaintiff claims that Defendant knew or should have known that Mark Scheff retaliated against her because of her actions in cooperating with an investigation, that the Defendant failed to take reasonable steps to remedy the retaliation, and that the retaliation created a materially adverse employment action against Plaintiff.

Defendant claims that it took reasonable steps to remedy any retaliation that it knew or should have known about. Defendant denies that Plaintiff suffered a materially adverse employment action.

To succeed on her claim, Plaintiff must prove four things by a preponderance of the evidence:

1.    That Mark Scheff retaliated against her for cooperating in an investigation;

2.    That Defendant knew or should have known that Mark Scheff was retaliating against Plaintiff for her cooperation in the investigation;

3.    That Defendant failed to take reasonable steps to prevent retaliation; and

4.    That Plaintiff suffered a materially adverse employment action as a result of Defendant's failure to take reasonable steps to prevent retaliation.

If you find that Plaintiff has proved all of these things by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove all of these things by a preponderance of the evidence, then you must find for Defendant.

What I have just given you is only a preliminary outline. At the end of the trial I will give

you a final instruction on these matters. If there is any difference between what I just told you,

and what I tell you in the instructions I give you at the end of the trial, the instructions given at

the end of the trial govern.

Defendant's No. 1
Preliminary instructions, Claims and Defenses
7th Circuit Pattern Jury Instruction. 3.07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The law allows an employer substantial latitude for the exercise of its business judgment in employment actions.  An employer has the right to make business decisions even if its decisions are mistaken or poorly founded as long as it does not make its decision on a prohibited basis.  A jury must not second guess the wisdom of an employer's decision.  In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. If the defendant's decisions were the result of valid business considerations, then the defendant did not violate the law, even if you disagree with the employer's conclusions or decisions.

Defendant's No. __
*Hefferman v. Board of Trustees,*
310 F.3d 522, 528-529 (7th Cir. 2002)
7th Circuit Pattern Jury Instruction 3.07 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find that Plaintiff has proved her claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

Defendant's No. 8
7th Circuit Pattern Jury Instruction 7.22

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.      The physical and mental/emotional pain and suffering that Plaintiff has experienced.  You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2.      The reasonable value of medical care that Plaintiff reasonably needed and actually received.

Defendant's No. _
7th Circuit Pattern Jury Instruction 7.23

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form of verdict and return it into court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

If you find for Plaintiff and against the Illinois Department of Public Aid on the claim of retaliation, then you should use Verdict Form A.

If you find for the Illinois Department of Public Aid and against Plaintiff on the claim of retaliation, then you should use Verdict Form B.

Defendants' No. _
I.P.I. No. 45.01
7th Circuit Pattern Jury Instruction 1.32 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

In this case, Plaintiff claims that she was retaliated against at work. To succeed on this claim, Plaintiff must prove seven things by a preponderance of the evidence:

1.    Mark Scheff engaged in wrongful conduct directed at Plaintiff;

2.    The conduct was unwelcome;

3.    The conduct occurred because Plaintiff cooperated with the investigation into Mary Thallman's complaint;

4.    The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find that the conduct caused a significant and negative material change in the terms and conditions of Plaintiff's employment;

5.    At the time the conduct occurred, Plaintiff believed that the conduct negatively altered Plaintiff's work environment;

6.    Defendant knew or should have known that Mark Scheff was engaging in this conduct because of Plaintiff's cooperation with the investigation into Mary Thallman's complaint; and

7.    Defendant did not take reasonable steps to prevent the conduct.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of him, then you must find for Plaintiff. However, if Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant.

Defendant's No. ___
*Stutler v. Illinois Department of Corrections*,
263 F.3d 698, 704-705 (7th Cir. 2001)
7th Circuit Pattern Jury Instruction 3.04 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____