UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEBORAH R. SULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3039 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF PUBLIC AID, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF PUBLIC AID (IDPA), by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of its Motion in Limine states as follows:

**I.     Factual Background**

Plaintiff, an employee of the IDPA, brought the present action pursuant to Title VII of the Civil Rights Act of 1964 asserting sexual harassment and retaliation. On March 10, 2006, the Court granted summary judgment in favor of the Defendant on Plaintiff's sexual harassment claim. The case is moving forward on the retaliation claim only. Plaintiff claims that she was retaliated against for cooperating with an investigation into a Title VII complaint made by Mary Thallman. Specifically, Ms. Sullins was interviewed as part of that investigation on October 27, 2000. Trial is set to commence on May 1, 2006, before the Honorable Judge Jeanne E. Scott.

In her response to Defendant's Motion for Summary Judgment, Plaintiff alleged numerous facts that were relevant, if at all, only to her sexual harassment claim. Plaintiff alleged that Mark Scheff, her co-worker, made numerous comments prior to October 27,

1

2000, the date of Plaintiff's cooperation with the Mary Thallman investigation. She also alleged numerous comments made by Mr. Scheff directed to other people and overheard by Plaintiff, as well as comments made by Mr. Scheff about women other than Plaintiff or women in general. She further alleged that her male coworkers stopped speaking to her and her female coworkers. For the reasons set out below, IDPA respectfully requests that this Honorable Court enter an Order in Limine barring the Plaintiff, as well as her attorneys and witnesses, from mentioning any of the above allegations in the presence of the jury.

## II. Standard

This Court has the authority to enter an Order in Limine directing that a party not make reference to certain facts or engage in certain arguments in the presence of the jury. See Ellis v. City of Chicago, 667 F.2d 606, 611 (7th Cir. 1981).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Evidence which is not relevant is inadmissable. Federal Rule of Evidence 402. Even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Federal Rule of Evidence 403.

## III. Argument

### A. Comments which are not relevant to Plaintiff's retaliation claim

Evidence of comments allegedly made prior to October 27, 2000, cannot be relevant to Ms. Sullins' retaliation complaint. Logically, comments made prior to Ms. Sullins' cooperation with the investigation could not have been made in retaliation for her cooperation. Even if such comments did have some relevance, the probative value of the

evidence would be outweighed by other factors weighing against admitting the evidence. Admission of evidence regarding such comments could prejudice the jury in favor of Plaintiff and against IDPA. "Unfair prejudice is the likelihood that the evidence will induce the jury to decide the case on an improper basis, commonly an emotional one." Crawford v. Edmonson, 764 F.2d 479, 484 (7th Cir. 1985). In this case, the evidence regarding these comments could cause unfair prejudice if it caused the jury to find for Plaintiff because it wanted to compensate her for being exposed to Mr. Scheff's alleged comments even though those comments could not have been made in retaliation for her cooperation in the Mary Thallman investigation (because she had not yet cooperated with the investigation). The jury could also associate Mr. Scheff's comments with IDPA and wish to punish IDPA for having an employee who would make such comments.

The evidence also could confuse the jury as to what issue it is supposed to consider. The trial is limited to retaliation, and admission of evidence of comments made prior to Ms. Sullins' cooperation with the alleged Title VII investigation could cause the jury to think it was to consider Ms. Sullins' sexual harassment complaint, which was already decided on summary judgment.

Admission of evidence regarding such comments would also cause undue delay and a waste of time. If Ms. Sullins puts on evidence that such comments were made, IDPA would put on evidence regarding its response to those comments. The result would be lengthy testimony that is not relevant to the retaliation claim that is before the jury.

IDPA does acknowledge that Ms. Sullins may elicit evidence that Mr. Scheff made a comment of an inappropriate nature in Mary Thallman's presence, that Mary Thallman complained of this comment, that an investigation was conducted regarding that complaint, and that Ms. Sullins cooperated with that investigation by being interviewed. Such

3

evidence would be necessary background to Ms. Sullins' retaliation complaint. Beyond this, IDPA respectfully requests that Ms. Sullins, her attorneys and witnesses, be restrained from mentioning in the presence of the jury comments allegedly made prior to October 27, 2000.

Similar considerations weigh in favor of excluding evidence of comments Ms. Sullins allegedly overheard but were not directed at her and comments allegedly made about other women or women in general. Such comments, not being directed towards Plaintiff, cannot reasonably be considered retaliation against Plaintiff. Even if such comments were somehow relevant to Plaintiff's retaliation complaint, the probative value of such evidence is outweighed by other factors. Admission of such evidence could prejudice the jury, confuse the jury, and would create an undue delay as IDPA would also elicit evidence regarding those comments. Therefore, IDPA respectfully requests that this Honorable Court enter an Order in Limine restraining Plaintiff, as well as her attorneys and witnesses, from mentioning in the presence of the jury comments which Ms. Sullins allegedly overheard but were not directed at her as well as comments made about women other than Plaintiff or women in general.

  **B.**  **Evidence that male employees would not speak to their female coworkers**

Plaintiff alleges that her male coworkers stopped speaking to her and her female coworkers following the Mary Thallman investigation. The IDPA cannot be held liable for this alleged conduct of its male employees absent evidence that it instructed the male employees not to speak to Ms. Sullins. *See* Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1039 (7th Cir. 1998). In her response to Defendant's Motion for Summary Judgment, Plaintiff did not produce any evidence that IDPA instructed male employees not

4

to speak to their female coworkers. In light of this, any relevance evidence of such conduct might have is far outweighed by the prejudice such evidence could cause and the undue delay caused by both sides eliciting evidence regarding the conduct and the IDPA's response to it. Therefore, IDPA respectfully requests that Plaintiff, as well as her attorneys and witnesses, be restrained from mentioning in the presence of the jury the alleged refusal of male coworkers to speak with Plaintiff and their female coworkers.

### IV.     Conclusion

WHEREFORE, for the reasons presented above, Defendant, Illinois Department of Public Aid, respectfully requests that this Honorable Court enter an Order in Limine barring Plaintiff, as well as her attorneys and witnesses, from mentioning allegations regarding comments made prior to October 27, 2000, comments not directed at Plaintiff, comments regarding women other than Plaintiff or women in general, and the refusal of male employees to speak to Plaintiff and her female coworkers.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF PUBLIC AID,

      Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois

By:   s/ Thomas H. Klein

    Thomas H. Klein, #6271653
    Sarah R. Kerley, #6283449
    Assistant Attorneys General
    500 South Second Street
    Springfield, Illinois  62706
    Telephone:  (217) 785-4555
    Facsimile:   (217) 524-5091
    E-Mail:  tklein@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2006, I electronically filed the foregoing Memorandum of Law in Support of Motion in Limine with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James P. Baker
carenbakerlaw@sbcglobal.net

and I hereby certify that on April 11, 2006, I mailed by United States Postal Service, the document to the following non-registered participant:

None.

Respectfully submitted,

/s/ Thomas H. Klein
Thomas H. Klein, #6271653
Sarah R. Kerley, #6283449
Assistant Attorneys General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 785-4555
Facsimile: (217) 524-5091
tklein@atg.state.il.us