E-FILED
Tuesday, 18 April, 2006  03:41:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DEBORAH R. SULLINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-3039 |
| THE ILLINOIS DEPARTMENT OF PUBLIC AID, | ) |
| Defendant. | ) |

**MEMORANDUM OF THE PLAINTIFF, DEBORAH R. SULLINS,
IN OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE**

**I.  INTRODUCTION**

Deborah R. Sullins ["Plaintiff"] maintains this case against her employer, the Illinois Department of Public Aid ["Department"] pursuant to the anti-retaliation provisions contained in Title VII of the "Civil Rights Act of 1964" ["ACT"] [42 U.S.C. § 2000e-3].  She claims that following her cooperation into the sexual harassment investigation of a male employee she was the victim of retaliation when her supervisors permitted that employee to act out against her.

In anticipation of trial the Department, through a motion in limine, is asking this Court to exclude two categories of evidence.  First, it asks that the Plaintiff be prohibited from presenting evidence of conduct directed toward her by Mark Scheff prior to her cooperation into the investigation of his conduct which began in October of 2000.  It also asks that she be barred from testifying concerning any sexually explicit comments which she overheard which were not directed at her as well as negative comments made by Mark Scheff toward women.  According to the Department, "such behavior cannot be relevant to Plaintiff's retaliation claim."  Second, it asks that any evidence that male employees (presumably other than Mark Scheff) retaliated

1

against female employees by not speaking to them after the Thallman investigation began be excluded since the Department cannot be held liable for the refusal of Plaintiff's co-workers to speak with her. According to the Department, such evidence is thus irrelevant.

For reasons which follow, the Plaintiff submits that the Department's notion of relevant evidence is unreasonably narrow and its motion should be denied.

## II. STANDARD

A district court's authority to manage trials includes the power to exclude evidence through motions in limine [*Falk v. Kimberly Services, Inc., No. 92 C 1079, 1997 WL 201568 at 1 (N.D. Ill. April 16, 1997) (citing Luce v. United States, 469 United States, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)*]. "The motion in limine is an important tool for use by a trial judge to ensure the expeditious and evenhanded management of the trial proceedings" [*Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997)*]. It eliminates further consideration of materials that should not be presented to the jury because they would be inadmissible for any purpose [*Id*]. However, a court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion in limine [*Id.*]. Only evidence that is clearly inadmissible for any purpose should be excluded pursuant to a motion in limine. Generally, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context" [*Hawthorne Partners v. AT &T Technologies, Inc., 831 F.Supp. 1398, 1400 (N.D.Ill. 1993)*].

If a motion in limine is denied, that does not necessarily mean all the evidence within the scope of the motion will be admitted at trial [*Hawthorne Partners v. AT &T Technologies, Inc., 831 F.Supp. 1398, 1400 N.D. Ill. 1993*].

As a general matter, all relevant evidence is admissible at trial if its probative value substantially outweighs any danger of unfair prejudice, confusion of the issues or risk of misleading the jury and the admission of such evidence is not an undue waste of time [see Rules 402 and 403 of the Federal Rules of Evidence].

Rule 401 of the Federal Rules of Evidence defines relevant evidence as:

> "- - evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

### III.  ARGUMENT

**A.  The Conduct Of Mark Scheff Prior To The Mary Thallman Investigation.**

The Department asks this Court to bar the Plaintiff from introducing any evidence of inappropriate comments made in the workplace by Mark Scheff prior to October 27, 2000 whether or not directed to the Plaintiff as well as evidence of Scheff's negative comments toward women.

As an initial matter, the exclusion of such evidence would exclude relevant background information essential to helping the jury understand her claims of retaliatory conduct occurring after October 27, 2000 and particularly the nature of the protected activity she engaged in when she cooperated with investigators.  For example, without such evidence a jury would not know: a) the context for Thallman going to the Plaintiff; b) why Thallman and the Plaintiff were concerned about the nature of Scheff's behavior; and c) the information shared by the Plaintiff when she conferred with investigators.

Moreover, such evidence goes to the heart of a claim of unlawful retaliation.  In order for the Plaintiff to prove her claim, she must demonstrate that she engaged in conduct protected by the ACT.  In this respect, she would have to prove that she complained about conduct which

arguably constituted sexual discrimination [see *Siter v. Indiana Department of Transportation*, 344 F.3d 720, 727 (7th Cir. 2003)]. Without going into Scheff's sexual conduct or attitude toward women, her ability to show she engaged in conduct protected under the ACT would be compromised.

In a claim of unlawful retaliation, an individual protesting unlawful conduct must have a good faith belief that conduct occurred which was unlawful. If the jury is limited only to the comment made to Thallman without background evidence concerning Scheff's ongoing misdeeds in verbalizing conduct clearly inappropriate in the workplace, it will not have a complete and adequate understanding as to why it was that the Plaintiff cooperated in the Thallman investigation. The relevance of this evidence, and its importance in framing the Plaintiff's claim, cannot be properly determined outside of the context of the trial [*See Tzoumis v. Tempel Steel Company, 168 F.Supp.2d 871 (N.D.Illinois, 2001)*].

The Department seems to acknowledge that some evidence predating October 27, 2000 consisting of comments made in the presence of Mary Thallman is admissible and relevant to showing the background of Plaintiff's claim of retaliation. In this case, the jury will be required to evaluate the entire relationship between the Plaintiff and Mark Scheff in evaluating whether the Plaintiff engaged in protected activities [*See Jonasson v. Lutheran Child and Family Services, 115 F.3d 436 (7th Cir. 1997)*]. The evidence the Department seeks to exclude explains why the Plaintiff cooperated in the Thallman investigation, what she told investigators, and why she felt Scheff's behavior was potentially unlawful. It also tends to explain why it was that some of the Plaintiff's supervisors developed an animus toward her in the wake of the Thallman investigation and chose not to intervene when the Plaintiff complained about Scheff's comments. It is undisputed in this case that a supervisor who ignores complaints of sexual harassment would

be disciplined. According to the Plaintiff, not only did Scheff make inappropriate sexual comments prior to October of 2000, but she also complained about his behavior to her supervisors prior to that date. If the Plaintiff is not allowed to present evidence of Scheff's prior bad deeds, she is necessarily prohibited as well from testifying concerning complaints she made to her supervisors about Scheff's misconduct and why it was they refused to "rein in Scheff" in his behavior toward the Plaintiff after the Thallman investigation.

The Department will not be prejudiced by the denial of this motion. The denial of the motion in limine does not necessarily mean that such evidence if it is truly not relevant will be admitted at trial. Denial of the motion in limine only means that this court will have the opportunity to properly evaluate evidence as to its relevancy within the context of the trial [*Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 N.D. Ill. 1993].

### B. Evidence of the changes in Plaintiff's relationship with her male co-workers after her decision to support Mary Thallman is relevant to the Plaintiff's claim of retaliation.

The Department claims that the change in behavior of male co-workers toward the Plaintiff and other female employees after October 27, 2000 is not relevant to the issues raised in this case. The crux of Plaintiff's claim turns upon the change in her working environment after she participated in the investigation of Mary Thallman's claim. The change in the behavior by her male co-workers is a part of the background to the Plaintiff's claim and suggests that feelings concerning the Thallman investigation were intense in the Plaintiff's work unit.

The Department argues that it cannot be held directly liable for the conduct of its male employees and there is no direct evidence that it ordered its male employees to cease talking with female employees. Based on these points, it claims such evidence is irrelevant.

5

The Department's definition of relevant evidence is too narrow. Merely because the Department may not be liable because the Plaintiff's male co-employees refused to talk with female employees does not mean that such change in behavior is irrelevant to this case. This case turns upon Mark Scheff's conduct directed toward the Plaintiff in the wake of the Thallman investigation and the actions or inactions of her supervisors to protect the Plaintiff against Scheff. Certainly, any change of behavior directed toward the Plaintiff as well as other female employees who cooperated in the Thallman investigation by male co-workers might tend to show that they were supporting or encouraging Scheff's behavior or that supervisors in the unit tended to align themselves to male employees who were upset with the Thallman investigation.

At this point, a ruling excluding all evidence of the conduct of Plaintiff's male co-workers after October 27, 2000 would be premature. As previously noted evidentiary rulings of this nature should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context [*Hawthorne Partners v. AT &T Technologies, Inc., 831 F.Supp. 1398, 1400 (N.D.Ill. 1993)*].

DEBORAH R. SULLINS

By:   s/ James P. Baker_____
       James P. Baker
       Bar Number: 0097802
       Baker, Baker & Krajewski, LLC
       415 South Seventh Street
       Springfield, Illinois 62701
       Telephone: (217) 522-3445
       Facsimile: (217) 522-8234
       E-mail: brendabakerlaw@sbcglobal.net
       (Pretrial/sullinsdresponselimine 041706)

           John P. Taylor (6256758)
           Attorney at Law
           P.O. Box 3364
           Springfield, Illinois   62708
           Telephone: (217) 525-5100
           Facsimile: (217) 523-1594
           E-mail: johnptaylor@insightbb.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sarah Kerley
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois   62701

           By:   s/ James P. Baker_____
                  James P. Baker
                  Baker, Baker & Krajewski, LLC
                  415 South Seventh Street
                  Springfield, Illinois 62701
                  Telephone: (217) 522-3445
                  Facsimile: (217) 522-8234
                  E-mail: brendabakerlaw@sbcglobal.net