IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DEBORAH R. SULLINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-3039 |
| ILLINOIS DEPARTMENT OF PUBLIC AID, | ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Motion in Limine (d/e 28). On March 13, 2006, this Court allowed in part and denied in part a Motion for Summary Judgment (d/e 15) filed by Defendant Illinois Department of Public Aid (Department). Opinion, March 13, 2006 (d/e 23). Following this Court's summary judgment ruling, the case is moving forward only on Plaintiff Deborah Sullins' claim of retaliation set forth in Count 2 of her Complaint (d/e 1), based on the theory that the Department retaliated against Sullins by permitting her co-worker, Mark Scheff, to punish her for exercising her rights under Title VII of the Civil Rights Act

1

of 1964.  See 42 U.S.C. § 2000e et seq.  Based on this ruling, the Department seeks an order barring Plaintiff from raising four categories of evidence before the jury.  As set forth below, the Motion in Limine is allowed in part and denied in part.

Under Federal Rule of Evidence 402, relevant evidence is generally admissible.  Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The Seventh Circuit has noted that:

> the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.  It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose.  The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury.  Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment.  In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir.

1997). With this in mind, the Court turns to the Department's specific challenges.

As an initial matter, the Department asks the Court to restrain Sullins from raising any alleged conduct of Scheff that occurred prior to Sullins' cooperation in the Mary Thallman investigation, other than the fact that Thallman had complained that she overheard Scheff make inappropriate comments to co-worker Jim Schuh. The Department asserts that any such prior conduct is not relevant to Sullins' retaliation claim, and to the extent it is relevant, its relevance is substantially outweighed by its prejudicial nature. Sullins responds that: (1) this evidence goes to the heart of her retaliation claim and (2) the exclusion of such evidence would exclude relevant background information essential to the jury's understanding of her claim. The Court agrees with Sullins, to a point. Sullins is entitled to present evidence to prove her claim, an element of which is that she exercised rights protected under Title VII. See Sitar v. Indiana Dept. of Transp., 344 F.3d 720, 728 (7th Cir. 2003). The alleged conduct of Mark Scheff that occurred prior to Sullins' cooperation in the Thallman investigation may be relevant to show that Sullins had a good faith basis for assisting Thallman, that she had an understanding of the type of conduct

she was opposing, and the type of information Sullins could provide to the investigators. At this point, it appears that the probative value of such evidence outweighs any prejudice that it may cause. However, the Court recognizes that this evidence is essentially background and not the primary focus of the case. The Court will give a limiting instruction, if requested, on the way in which the jury is to consider this prior conduct. The Court further cautions Plaintiff not to give the prior conduct the primary emphasis of her case. The Department's request for an order in limine barring evidence relating to alleged conduct of Scheff that occurred prior to Sullins' cooperation in the Mary Thallman investigation is denied. Defendant may still raise an objection should Plaintiff appear to dwell at length on this "background" information.

   The Department also asks the Court to bar Sullins from raising any alleged sexually explicit comments which she overheard, but were not directed at her, and any alleged negative comments by Scheff about women other than Sullins or about women in general. Again, this type of conduct, to the extent that it occurred prior to the Thallman investigation and was overheard by Sullins, may be relevant to show Sullins' understanding of the type of conduct she was opposing, why she acted as she did, and the type

4

of information Sullins could provide to the investigators. If Sullins seeks to raise evidence of this type that occurred after the Thallman investigation, the Court finds that such evidence might be relevant to Sullins' retaliation claim, depending on the context. At this point, the Court cannot determine whether any probative value of such evidence is outweighed by its prejudicial nature. The Department's request for an order barring evidence relating to alleged sexually explicit comments which Sullins overheard, but were not directed at her, and any alleged negative comments by Scheff about women other than Sullins or about women in general is denied. The Department remains free, however, to raise an objection to this type of evidence at trial at which time the Court will evaluate Plaintiff's submissions in the proper context.

   Finally, the Department asks for an order barring evidence that male MACs allegedly retaliated against Sullins and other female employees by not speaking to them following the Thallman investigation. To the extent the Department seeks to include the conduct of male MAC Mark Scheff in this category, such evidence would clearly be relevant and not overly prejudicial. Thus, the Department's request is denied to the extent it applies to Scheff. However, with the exception of MAC Scheff, this type of evidence is not

5

relevant on its face. Therefore, the Court allows the Department's Motion in Limine in part. Sullins is directed to refrain from introducing evidence that male MACs refused to speak to Sullins and other female employees after the Thallman investigation. However, if Sullins has evidence to show that this conduct is indeed relevant to her claim of retaliation, she should proffer it to the Court, outside the presence of the jury. At such a time, the Court will determine the admissibility of the evidence in question.

THEREFORE, as set forth above, Defendant's Motion in Limine (d/e 28) is ALLOWED, in part, and DENIED, in part. Sullins is barred from raising evidence that male MACs other than Scheff refused to speak to Sullins and other female employees following the Thallman investigation without first establishing by proffer the relevance of such evidence. The Motion is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER: April 24, 2006.

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE