E-FILED
Wednesday, 10 May, 2006  08:34:18 AM
Clerk, U.S. District Court, ILCD

**FILED**

MAY - 4 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DEBORAH R. SULLINS,              )
                                 )
            Plaintiff,           )
                                 )
    v.                           )        No.  04-3039
                                 )
THE ILLINOIS DEPARTMENT OF       )
PUBLIC AID,                      )
                                 )
            Defendant.           )

## DEFENDANT'S  MOTION FOR JUDGEMENT AS A MATTER OF LAW

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF PUBLIC AID, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50.

1.      On March 10, 2006, the Court entered an Order granting in part, and denying in part, Defendant's Motion for Summary Judgment.  Pursuant to that Order, Plaintiff's claims for sexual harassment and constructive demotion were dismissed.  Accordingly, the only issue before the Court is Plaintiff's claim of retaliation.

2.      The parties appeared for trial on May 1, 2, 3, and 4, 2006.  After a number of witness were called, Plaintiff rested her case.

3.      Defendant is entitled to judgment as a matter of law at the close of Plaintiff's case because no reasonable trier of fact could find that there is a causal connection between a protected activity, as defined by Title VII, and an adverse employment action.

4.      In order to make out a prima facie case for retaliation, Plaintiff must show that she complained about discrimination, that she suffered an adverse employment action, and

-1-

that there exists a causal connection between the adverse employment action and her complaint of discrimination.  *See* Oest v. IDOC, 240 F. 3d 605 (7th Cir. 2001).

5.    In this case, Plaintiff alleges is that the Department retaliated against Plaintiff for her participation in the Mary Thallman investigation by permitting coworkers to mistreat her.  To establish a prima facie case, Plaintiff must establish that she engaged in activity protected by Title VII, that an adverse action affecting the terms of her employment was taken by her employer or by coworkers with the knowledge and acquiescence of her employer, and that the adverse action was related in terms of cause and effect to the protest of sexual harassment.  Knox v. Indiana, 93 F.3d 1327, 1332 (7th Cir. 1996).

6.    An employer acquiesces in retaliatory harassment by co-workers when the employer knows of the harassment and fails to take actions reasonably likely to remedy the harassment and prevent future episodes.  Id. at 1332-1333.

7.    Mistreatment of an employee by coworkers or supervisors is an adverse employment action only if it is sufficiently severe to worsen substantially his conditions of employment as they would be perceived by a reasonable person in the position of the employee.  Herrnreiter v. Chicago Housing Authority, 315 F.3d 742, 745 (7th Cir. 2002).

May 3, 2006

**DEPARTMENT DID NOT ACQUIESCE IN RETALIATORY HARASSMENT BECAUSE IT ACTED PROMPTLY TO REMEDY ANY RETALIATION OF WHICH PLAINTIFF COMPLAINED.**

8.    Whenever Plaintiff complained of retaliation, the Department promptly responded.

9.    Plaintiff testified that, as of May 15, 2001, Mr. Bradley had listened to all her complaints and tried to help whenever possible.

10.    When Plaintiff complained that the MACs were not coming to her with questions regarding her program, Jodie Edmonds ordered those questions to be directed to Ms. Sullins the same day.

11.    When Plaintiff complained that she was not told of employee absences, Jodie Edmonds ordered that Ms. Sullins be notified of absences on the same day.

12.    When Plaintiff complained to Steve Bradley that she had a problem dealing with Mark Scheff and Jim Schuh, Mr. Bradley arranged it so that Plaintiff would not have to deal with Mark Scheff and Jim Schuh the same day.

13.    When Plaintiff asked Steve Bradley, on March 13, 2001, to transfer her, Steve Bradley arranged for her work space to be moved to the first floor. He also arranged for her to acquire a transfer to a position outside the Bloom Building within three months.

14.    On March 27, 2001, Plaintiff complained to Derrick Moscardelli that Mark Scheff was walking by her work space on the first floor and giving her dirty looks, Steve Bradley spoke with Mark Scheff the next day and instructed him in no uncertain terms to stay away from Plaintiff's work area. Mark Scheff never again went by Plaintiff's work area. An investigation was also started within 2 days.

15.    The only specific complaints Plaintiff claims she made that were not promptly responded to are trivial matters such as Mr. Scheff wearing a duster type coat, a sign reading Alpha Dog was on Mr. Scheff's door, dirt clods were placed on Mr. Scheff's wall, and that Mark Scheff stated his intention to take legal action against co-workers he felt lied about him. *See* Bell v. Environmental Protection Agency, 232 F.3d 546, 555 (7th Cir. 2000)

(Summary judgement properly granted for defendant where matters complained for were too trivial to rise to the level of actionable retaliation.)

**PLAINTIFF DID NOT PARTICIPATE IN ACTIVITY PROTECTED BY TITLE VII BECAUSE THE CONDUCT MARY THALLMAN COMPLAINED OF WAS NOT BASED UPON GENDER**

16.    In order to qualify as protected expression under section 2000e-3(a), a complaint must involve discrimination that is prohibited by Title VII. Hamner v. St. Vincent Hospital, 224 F.3d 701, 704 (7th Cir. 2000) (Judgment as a matter of law properly granted where plaintiff complained of harassment based on his sexual preference, which is not prescribed by Title VII.)

17.    To support a claim of retaliation, the underlying complaint "cannot be without legal foundation, but must concern the type of activity that, under some circumstances, supports a charge of sexual harassment. [citation omitted] "If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable." Id. see also Hamm v. Weyauwega Milk Products, Inc., 332 F.3d 1058, 1062 (7th Cir. 2003) (Plaintiff's retaliation claim failed because he could not show that the complained of harassment was because of his sex and therefore his complaint did not concern an employment practice that violated Title VII.)

18.    The harassment that Plaintiff complained of was Mark Scheff's use of vulgarity in the work place, directed at both men and women. As this Honorable Court held in its Order Granting in Part Defendant's Motion for Summary Judgment, "there is no evidence to support a finding that Scheff's conduct was directed at Sullins because of her

gender. Her complaint about workplace vulgarity did not involve discrimination that is prohibited by Title VII, and the type of conduct she complained of is not proscribed by Title VII, no matter how frequent or severe.

**NO ADVERSE EMPLOYMENT ACTION BECAUSE CONDUCT WAS NOT SEVERE ENOUGH TO WORSEN SUBSTANTIALLY PLAINTIFF'S CONDITIONS OF EMPLOYMENT AS THEY WOULD BE PERCEIVED BY A REASONABLE PERSON**

19.    Even if the Department acquiesced in all of the behavior Plaintiff claims occurred, it does not rise to the level of an adverse employment action.

20.    The Mary Thallman complaint was made on October 13, 2000. Plaintiff testified that the last time Mark Scheff ever spoke to her was October 18, 2000.

21.    Plaintiff claims that Mark Scheff walked past her office, gave her dirty looks, ignored her, and made statements that he would take action against "5 of his coworkers and one of their girlfriends" which Plaintiff overheard. This conduct was not severe enough to worsen substantially Plaintiff's conditions of employment as they would be perceived by a reasonable person. *See* Bell, 232 F.3d at 555 (Numerous incidents of alleged retaliation including demeaning assignments, verbal abuse, surveillance, diminished responsibilities, refusal to cooperate on job assignments, and placements in situations designed to result in failure did not create an actionable adverse employment action) *see also* Hill v. American General Finance, Inc., 218 F.3d 639, 645 (7th Cir. 2000) (Allegations of retaliation including that supervisor rummaged through desk drawers and waste can and listened to her telephone calls cannot be considered adverse employment actions).

22.    Because the Department did not acquiesce in conduct by Mark Scheff or others and the conduct alleged by Plaintiff was not severe enough to rise to the level

necessary to support a claim of retaliation, the Department is entitled to judgment as a matter of law at the close of Plaintiff's case.

23.     Further, Plaintiff's Title VII retaliation claim fails because Plaintiff did not engage in protected activity as defined by Title VII. 42 U.S.C. 2000e-3(a).

WHEREFORE, the Defendant respectfully requests this honorable Court grant its Motion for Judgment as a Matter of Law, pursuant to Rule 50 of the Federal Rules of Civil Procedure.

<div style="margin-left:40%">

Respectfully submitted,

ILLINOIS DEPARTMENT OF PUBLIC AID,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

</div>

Thomas H. Klein, #6271653
Sarah R. Kerley, #6283449
Matthew D. Bilinsky, #6217270
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)785-4555

Of Counsel.

By _____
s/Thomas Klein
THOMAS H. KLEIN
Assistant Attorney General

## CERTIFICATE OF SERVICE

William E. Jarvis, Assistant Attorney General, hereby certifies that he has served

a copy of the foregoing Motion for Judgment as a Matter of Law upon:

> Mr. James P. Baker
> Baker, Baker & Krajewski, LLC
> 415 South Seventh St.
> Springfield, IL 62701

> Mr. John P. Taylor
> 2520 South Grand Avenue East
> P.O. Box 3364
> Springfield, IL 62708-3364

by hand-delivery, on May 4, 2006.


s/Thomas Klein

THOMAS H. KLEIN
Assistant Attorney General


Thomas H. Klein, #6271653
Sarah R. Kerley, #6283449
Matthew D. Bilinsky, #6217270
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)785-4555