E-FILED
Wednesday, 10 May, 2006 09:36:33 AM
Clerk, U.S. District Court, ILCD

In this case, Plaintiff is alleging Mark Scheff harassed her in retaliation for her participation in the Thallman investigation. Harassment is based upon a retaliatory motive if you find that the harassment would not have occurred, if plaintiff had not cooperated in the Thallman investigation and everything else remained the same.

# FILED

**MAY   9 2006**

**JOHN M. WATERS, Clerk**
**U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

*Given*

In this case plaintiff claims that Mark Sheff, a co-worker, retaliated against her because of her cooperation in the Thallman investigation and that the Department acquiesced in that retaliation. Plaintiff has claimed that Scheff retaliated against her by:

a.    walking by her office 10-15 times a day;

b.    giving plaintiff dirty looks;

c.    altering his break schedule to coincide with plaintiff's;

d.    staying after work for the purpose of encountering plaintiff;

e.    making comments about her sexual orientation;

f.    ignoring her and not talking to her;

g.    asking his supervisor questions about plaintiff's project instead of going directly to plaintiff;

h.    wearing a duster to work;

i.    having a sign on the wall in his office with the words Alpha Dog;

j.    having dirt clods on the wall in his office.

In determining whether Sheff retaliated against plaintiff and that the Department is liable to the plaintiff, you must consider only these claims of retaliation by the plaintiff.

*Given*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. If you find for the plaintiff, you should use Verdict Form A. If you find for the defendant, you should use Verdict Form B.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

*Given*

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

*Given*

If you find that Plaintiff has proved her claim against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

*Given*

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering or disability/loss of a normal life that Plaintiff has experienced through August of 2005. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained; and

2. The aggravation of any pre-existing ailment or condition.

Given

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Given

In this case the defendant is an agency of state government. All parties are equal before the law. An agency is entitled to the same fair consideration that you would give any individual person.

*Given*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by the reading of a deposition.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

*Given*

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

*Given*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Given

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

*Given*

Testimony describing conduct and comments of Mark Scheff that occurred before Plaintiff Deborah Sullins cooperated in the Mary Thallman investigation was admitted only as background information to show Plaintiff's understanding of the type of conduct of which Mary Thallman complained and her reasons for assisting Ms. Thallman. You are to consider it only for that purpose. Scheff's earlier conduct and comments are not the subject of this lawsuit.

Defendant's Exhibit 4 was admitted for the limited purpose of showing the internal investigation that the Department of Public Aid conducted following Plaintiff Deborah Sullins' complaint of sexual harassment, intimidation and retaliation, and its reasons for not disciplining anyone in response to her complaints. The pages numbered (at the bottom of each page) 000010 through 000168 are the witness interview summaries and e-mails on which the Department of Public Aid relied in reaching its conclusions. You should not consider pages 000010 through 000168 for the truth or falsity of the statements contained therein unless the statements or e-mails are contained in other exhibits that have been admitted into evidence; you may only consider those pages as data on which the Department of Public Aid relied in its decision not to impose discipline. You are not bound by the Department of Public Aid's conclusions; you must base your own decision on the evidence presented in court during the trial and the Court's instructions on the law.

*Given*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*Gwen*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*Given*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-      the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-      the witness's memory;

-      any interest, bias, or prejudice the witness may have;

-      the witness's intelligence;

-      the manner of the witness while testifying;

-      and the reasonableness of the witness's testimony in light of all the evidence in the case.

*Given*

You may consider statements given by a witness under oath before trial as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Given

It is proper for a lawyer to meet with any witness in preparation for trial.

*Gwen*

You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

*Given*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Gwen

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*Given*

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

*Given*

VERDICT FORM A

We the jury find for the plaintiff and against the defendant.

We award the plaintiff damages in the sum amount of $_____

as compensation for emotional pain and suffering, disability, loss of a normal life or the

aggravation of any pre-existing ailment or condition.

_____
Presiding Juror

_____

_____

_____

_____

_____

_____

_____

*Given*

Plaintiff Deborah Sullins claims that she was retaliated against while working for Defendant Illinois Department of Public Aid because she cooperated with the investigation of co-worker Mary Thallman's complaint of sexual harassment by Mark Scheff.

To succeed on her claim, Deborah Sullins must prove by a preponderance of the evidence each of the following propositions:

1.    That she either encouraged or cooperated in the investigation of Mary Thallman's complaint of sexual harassment by Mark Scheff;

2.    That Mark Scheff retaliated against Deborah Sullins because she participated in the investigation of Mary Thallman's complaints of sexual harassment;

3.    That a reasonable person in Deborah Sullins' position would find that the retaliatory conduct by Mark Scheff substantially worsened her work environment;

4.    That the Illinois Department of Public Aid's supervisory personnel Steve Bradley and /or Jodie Edmonds knew or should have known about the retaliatory conduct engaged in by Mark Scheff; and

5.    That the Illinois Department of Public Aid's supervisory personnel Steve Bradley and/or Jodie Edmonds did not take reasonable steps to stop the retaliatory conduct by Mark Scheff;

*Given*

6.    That as a result of the conduct described above Plaintiff Deborah Sullins has sustained damage.

If you find that Plaintiff Deborah Sullins has proved by a preponderance of the evidence each of the things required of her, then you must find for the Plaintiff.  However, if Plaintiff Deborah Sullins did not prove by a preponderance of the evidence each of the things required of her, then you must find for the Defendant, Illinois Department of Public Aid.