Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.



FILED

MAY  8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Plaintiff's Instruction No. 1
1.01 Federal Civil Jury Instructions of the Seventh Circuit

*Given without obj.*

In this case the defendant is an agency of state government. All parties are equal before the law. An agency is entitled to the same fair consideration that you would give any individual person.

Plaintiff's Instruction No. 3
1.03 Federal Civil Jury Instructions of the Seventh Circuit

Given w/out obj.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

Plaintiff's Instruction No. 4
1.04 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

During the trial, certain testimony was presented to you by the reading of a deposition.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Plaintiff's Instruction No. 5
1.05 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Instruction No. 6
1.06 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Court's Inst. # 4
7th Cir. Fed. Jury Inst. Civil 1.07

*Given w/out obj.*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Instruction No. 8
1.08 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Instruction No. 9
1.09 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

Testimony describing conduct and comments of Mark Scheff that occurred before Plaintiff Deborah Sullins cooperated in the Mary Thallman investigation was admitted only as background information to show Plaintiff's understanding of the type of conduct of which Mary Thallman complained and her reasons for assisting Ms. Thallman. You are to consider it only for that purpose. Scheff's earlier conduct and comments are not the subject of this lawsuit.

*Given w/out obj.*

Court's Inst. # 1

Defendant's Exhibit 4 was admitted for the limited purpose of showing the internal investigation that the Department of Public Aid conducted following Plaintiff Deborah Sullins' complaint of sexual harassment, intimidation and retaliation, and its reasons for not disciplining anyone in response to her complaints. The pages numbered (at the bottom of each page) 000010 through 000168 are the witness interview summaries and e-mails on which the Department of Public Aid relied in reaching its conclusions. You should not consider pages 000010 through 000168 for the truth or falsity of the statements contained therein unless the statements or e-mails are contained in other exhibits that have been admitted into evidence; you may only consider those pages as data on which the Department of Public Aid relied in its decision not to impose discipline. You are not bound by the Department of Public Aid's conclusions; you must base your own decision on the evidence presented in court during the trial and the Court's instructions on the law.

Court's Inst. # 2A

Given w/out obj

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Instruction No. 10
1.11 Federal Civil Jury Instructions of the Seventh Circuit

Given w/out obj.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Instruction No. 11
1.12 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Instruction No. 12
1.13 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

You may consider statements given by *Witness under oath* before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Instruction No. 13
1.14 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Instruction No. 14
1.16 Federal Civil Jury Instructions of the Seventh Circuit

Gwen w/out obj.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Instruction No. 15
1.21 Federal Civil Jury Instructions of the Seventh Circuit

Given w/out Obj.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Instruction No. 16
1.17 Federal Civil Jury Instructions of the Seventh Circuit

Given w/out obj.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Instruction No. 17
1.27 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

In this case plaintiff claims that Mark Scheff, a co-worker, retaliated against her because of her cooperation in the Thallman investigation and that the Department acquiesced in that retaliation.  Plaintiff has claimed that Scheff retaliated against her by:

    a.    walking by her office 10-15 times a day;

    b.    giving plaintiff dirty looks;

    c.    altering his break schedule to coincide with plaintiff's;

    d.    staying after work for the purpose of encountering plaintiff;

    e.    making comments about her sexual orientation;

    f.    ignoring her and not talking to her;

    g.    asking his supervisor questions about plaintiff's project instead of going directly to plaintiff;

    h.    wearing a duster to work;

    i.    having a sign on the wall in his office with the words Alpha Dog;

    j.    having dirt clods on the wall in his office.

In determining whether Sheff retaliated against plaintiff and that the Department is liable to the plaintiff, you must consider only these claims of retaliation by the plaintiff.

Defendant's No. __1__

Given _Xaver Theolj._
Given as Modified _____
Refused _____
Withdrawn _____

In this case, Plaintiff is alleging Mark Scheff harassed her in retaliation for her participation in the Thallman investigation. Harassment is based upon a retaliatory motive if you find that the harassment would not have occurred, if plaintiff had not cooperated in the Thallman investigation and everything else remained the same.

Defendant's No. _2 _A_

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Given w/out obj.

Plaintiff Deborah Sullins claims that she was retaliated against while working for Defendant Illinois Department of Public Aid because she cooperated with the investigation of co-worker Mary Thallman's complaint of sexual harassment by Mark Scheff.

To succeed on her claim, Deborah Sullins must prove by a preponderance of the evidence each of the following propositions:

1.     That she either encouraged or cooperated in the investigation of Mary Thallman's complaint of sexual harassment by Mark Scheff;

2.     That Mark Scheff retaliated against Deborah Sullins because she participated in the investigation of Mary Thallman's complaints of sexual harassment;

3.     That a reasonable person in Deborah Sullins' position would find that the retaliatory conduct by Mark Scheff substantially worsened her work environment;

4.     That the Illinois Department of Public Aid's supervisory personnel Steve Bradley and /or Jodie Edmonds knew or should have known about the retaliatory conduct engaged in by Mark Scheff; and

5.     That the Illinois Department of Public Aid's supervisory personnel Steve Bradley and/or Jodie Edmonds did not take reasonable steps to stop the retaliatory conduct by Mark Scheff;

6.    That as a result of the conduct described above Plaintiff Deborah Sullins has sustained damage.

If you find that Plaintiff Deborah Sullins has proved by a preponderance of the evidence each of the things required of her, then you must find for the Plaintiff.  However, if Plaintiff Deborah Sullins did not prove by a preponderance of the evidence each of the things required of her, then you must find for the Defendant, Illinois Department of Public Aid.

Court's Inst. # 3A
7th Circuit Civil Pattern Instructions 3.02 and 3.04 modified
Washington v. Illinois Department of Revenue 420 F.3d 658, 745 (7th Cir. 2005)

*Given over obj of ∆ & w/out obj. by π*

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Plaintiff's Instruction No. 18
1.31 Federal Civil Jury Instructions of the Seventh Circuit

Given w/out obj.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. If you find for the plaintiff, you should use Verdict Form A. If you find for the defendant, you should use Verdict Form B.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff's Instruction No. 19
1.32 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Plaintiff's Instruction No. 20
1.33 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

If you find that Plaintiff has proved her claim against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

Plaintiff's Instruction No. 23
3.09 Federal Civil Jury Instructions of the Seventh Circuit

*Given w/out obj.*

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering or disability/loss of a normal life that Plaintiff has experienced through August of 2005. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained; and

2. The aggravation of any pre-existing ailment or condition.

Plaintiff's Instruction No. 24AA
3.10 Federal Civil Jury Instructions of the Seventh Circuit
I.P.I. 30.01 (modified)

*Given without obj.*

## VERDICT FORM A

We the jury find for the plaintiff and against the defendant.

We award the plaintiff damages in the sum amount of $_____

as compensation for emotional pain and suffering, disability, loss of a normal life or the

aggravation of any pre-existing ailment or condition.


_____
Presiding Juror

_____

_____

_____

_____

_____

_____

_____

Plaintiff's Instruction No. 25A

*Given w/out obj.*

# VERDICT FORM B

We, the Jury find for the defendant and against the plaintiff.

_____

Presiding Juror

_____

_____

_____

_____

_____

_____

Plaintiff's Instruction No. 26

*Given w/out obj.*

In the present case the Plaintiff bases her claim against the Defendant upon the terms of Title VII of the "Civil Rights Act of 1964." That Act provides, in part, that it is unlawful for an employer to discriminate against an employee with respect to the conditions or privileges of her employment because that individual has opposed any practice made unlawful by that Act.

W/drawn

Plaintiff's Instruction No. 21
42 U.S.C. §2000e-3

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

W/drawn

Plaintiff's Instruction No. 2
1.02 Federal Civil Jury Instructions of the Seventh Circuit

In this case the defendant is a State agency. All parties are equal before the law. A State agency is entitled to the same fair consideration that you would give any individual person.

W/ drawn

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

*W/drawn*

It is proper for a lawyer to meet with any witness in preparation for trial.

W/ drawn

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*W/drawn*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*W/drawn*

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

W/drawn

The law allows an employer substantial latitude for the exercise of its business judgment in employment actions. An employer has the right to make business decisions even if its decisions are mistaken or poorly founded as long as it does not make its decision on a prohibited basis. A jury must not second guess an employer's decision. In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. If the defendant's decisions were the result of valid business considerations, then the defendant did not violate the law, even if you disagree with the employer's conclusions or decisions.

W/drawn

You will recall that during the course of this trial I instructed you that evidence regarding the alleged sexually harassing conduct by Mark Scheff, was admitted for the limited purpose of providing background information.  The issue is whether Defendant retaliated against plaintiff, not whether Mark Scheff might have engaged in inappropriate, crude or boorish conduct.  You must consider this evidence only for the limited purpose of providing background information.

*W/drawn*

If you find that Plaintiff has proved her claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

W/ drawn

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.    The physical and mental/emotional pain and suffering that Plaintiff has experienced. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2.    The reasonable value of medical care that Plaintiff reasonably needed and actually received.

*W/ drawn*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form of verdict and return it into court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

If you find for Plaintiff and against the Illinois Department of Public Aid on the claim of retaliation, then you should use Verdict Form A.

If you find for the Illinois Department of Public Aid and against Plaintiff on the claim of retaliation, then you should use Verdict Form B.

W/drawn

Plaintiff claims that the Department allowed other employees to mistreat her because of her cooperation with the Thallman investigation. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant allowed other employees to mistreat her because of her participation in the Thallman investigation. To determine that Plaintiff was retaliated against because of her participation in the Thallman investigation, you must find two things:

1.    that Defendant would not have allowed other employees to mistreat Plaintiff if she had not participated in the Thallman investigation but everything else had been the same; and

2.    that the harassment by Mark Scheff was sufficiently severe to worsen substantially her conditions of employment as they would be perceived by a reasonable person in the position of the employee.

If you find that Plaintiff has proved both these things by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove both of these things by a preponderance of the evidence, then you must find for Defendant.

*W/ deraun*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DEBORAH R. SULLINS,                      )
                                         )
                 Plaintiff,              )
                                         )
        v.                               )        No. 04-3039
                                         )
THE ILLINOIS DEPARTMENT OF               )
PUBLIC AID,                              )
                                         )
                 Defendant.              )

## VERDICT FORM A

We, the jury, find in favor of plaintiff, Deborah R. Sullins, and against defendant,

Department of Public Aid of the State of Illinois.

We assess damages in the amount of $_____.


_____
Foreperson

_____

_____

_____

_____

_____

_____

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DEBORAH R. SULLINS,                    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        No. 04-3039
                                       )
THE ILLINOIS DEPARTMENT OF             )
PUBLIC AID,                            )
                                       )
                Defendant.             )

## **VERDICT FORM B**

We, the jury, find in favor of defendant, Department of Public Aid of the State of

Illinois, and against plaintiff, Deborah R. Sullins.


_____
Foreperson

_____

_____

_____

_____

_____

_____

*W/ drawn*

To prevail in her claim of retaliation, Plaintiff must prove each of the following by a preponderance of the evidence:

1.    That the Plaintiff cooperated with an investigation regarding sexual harassment;

2.    That an adverse action affecting the terms of her employment was taken by her employer or by her coworkers with the knowledge and acquiescence of her employer; and

3.    That the adverse action was related in terms of cause and effect to the protest of sexual harassment.

Plaintiff must prove all of these essential elements (1, 2, and 3) by a preponderance of the evidence to obtain a verdict in her favor.

Defendant's No. ~~54~~ 5
*Knox v. Indiana*, 93 F.3d 1327, 1332 (7th Cir. 1996)

Given _____
Given as Modified _____
Refused __X____

Plaintiff claims that the Department retaliated against her because of her cooperation with the Thallman investigation. Retaliation is the imposition of a job related detriment or withholding of a job related benefit by the employer, or by co-workers with the acquiescence of the employer, as a result of the employee's participation in a complaint or investigation regarding sexual harassment.

Defendant's No. 4

*Knox v. Indiana*, 93 F.3d 1327, 1332 (7th Cir. 1996)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering or disability/loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained; and

2. The aggravation of any pre-existing ailment or condition.

Plaintiff's Instruction No. 24A
3.10 Federal Civil Jury Instructions of the Seventh Circuit
I.P.I. 30.01 (modified)

W/drawn

Withdrawn _____

An employer acquiesces in retaliatory harassment by coworkers when the employer

knows of the harassment and the coworkers' retaliatory motives and fails to act promptly

to take actions reasonably likely to remedy the harassment and prevent future episodes.

Defendant's No. 26  6
*Knox v. Indiana*, 93 F.3d 1327, 1332 (7th Cir. 1996)

Given _____
Given as Modified _____
Refused _____

Withdrawn

The law does not require that an employer insure that an employee has a pleasant workplace. The law does require that an employer not take adverse employment action against an employee because of the employee's cooperation with an investigation of workplace discrimination. The law also requires that an employer not acquiesce to such retaliatory adverse employment action by a coworker.

Mistreatment of an employer by a co-worker is "adverse employment action" only if the mistreatment is sufficiently severe as to substantially worsen the conditions of employment as those conditions would be perceived by a reasonable person in the position of the plaintiff. If you find that retaliatory harassment of the plaintiff occurred with the acquiescence of the employer you must determine whether the harassment was sufficiently severe as to constitute "adverse employment action," as defined in this instruction. In making this determination you must consider only harassment which was based on a retaliatory motive and in which the employer acquiesced.

Defendant's No. _3_
*Patton v. Indianapolis Public School Bd.*, 276 F.3d 334, 339
(7th Cir. 2002)

Given _____
Given as Modified _____
Refused _X_
Withdrawn _____

Harassment is based upon a retaliatory motive if you find that the act of harassment would not have occurred, if plaintiff had not cooperated in the Thallman investigation and everything else remained the same.

Defendant's No. 2

Given _____
Given as Modified _____
Refused _____
Withdrawn X _____

The defendant is a state agency and can act only through its officers and employees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant state agency.

w/drawn

Plaintiff's Instruction No. 7
I.P.I. Instruction No. 50.11

In this case, Plaintiff claims that she was harassed at work because she cooperated in a sexual harassment investigation. To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

First, a co-employee engaged in wrongful conduct directed at the Plaintiff;

Second, the conduct was unwelcome;

Third, the conduct occurred because the Plaintiff cooperated in a sexual harassment investigation;

Fourth, the conduct was sufficiently severe or pervasive so that a reasonable person in plaintiff's position would find that the conduct caused a significant and negative change in the conditions of her employment;

Fifth, at the time the conduct occurred, Plaintiff believed that the conduct negatively altered her work environment;

Sixth, the Defendant knew or should have known about the conduct; and

Seventh, the Defendant did not take reasonable steps to prevent the conduct from reoccurring.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of her, then you must find for Plaintiff. However, if Plaintiff did not prove by a preponderance of the evidence each of the things required of her, then you must find for Defendant.

Plaintiff's Instruction No.22B
3.04 Federal Civil Jury Instructions of the Seventh Circuit (modified)
*Knox v. State of Indiana*, 93 F.3d 1327, 1334 (7th Cir. 1996)

Refused

In this case the defendant is a State agency.  All parties are equal before the law.  A State agency is entitled to the same fair consideration that you would give any individual person.

w/drawn

Defendant's No. _1_
7th Circuit Pattern Jury Instruction 1.03

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

Defendant's No. _2_
7th Circuit Pattern Jury Instruction 1.04

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/ drawn*

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's No. 3
7th Circuit Pattern Jury Instruction 1.06

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

W/drawn

It is proper for a lawyer to meet with any witness in preparation for trial.

Defendant's No. _4_
7th Circuit Pattern Jury Instruction 1.16

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/drawn*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant's No. _5_
7th Circuit Pattern Jury Instruction 1.18

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/ drawn*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant's No. _6_
7th Circuit Pattern Jury Instruction 1.27

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

W/ drawn

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Defendant's No. _7_
7th Circuit Pattern Jury Instruction 1.31

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The law allows an employer substantial latitude for the exercise of its business judgment in employment actions. An employer has the right to make business decisions even if its decisions are mistaken or poorly founded as long as it does not make its decision on a prohibited basis. A jury must not second guess an employer's decision. In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. If the defendant's decisions were the result of valid business considerations, then the defendant did not violate the law, even if you disagree with the employer's conclusions or decisions.

Defendant's No. __8__
*Hefferman v. Board of Trustees*, 310 F.3d 522, 528-529 (7th Cir. 2002)
Byrd v. Illinois Dept. of Public Health, 423 F.3d 696, 706 (7th Cir. 2005)
7th Circuit Pattern Jury Instruction 3.07 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

W/drawn

You will recall that during the course of this trial I instructed you that evidence regarding the alleged sexually harassing conduct by Mark Scheff, was admitted for the limited purpose of providing background information. The issue is whether Defendant retaliated against plaintiff, not whether Mark Scheff might have engaged in inappropriate, crude or boorish conduct. You must consider this evidence only for the limited purpose of providing background information.

Defendant's No. _9_
7th Circuit Pattern Jury Instruction 1.09, 7.04 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/drawn*

If you find that Plaintiff has proved her claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

Defendant's No. _10_
7th Circuit Pattern Jury Instruction 7.22

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/ drawn*

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.    The physical and mental/emotional pain and suffering that Plaintiff has experienced. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2.    The reasonable value of medical care that Plaintiff reasonably needed and actually received.

Defendant's No. _11_
7th Circuit Pattern Jury Instruction 7.23

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/drawn*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate form of verdict and return it into court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

If you find for Plaintiff and against the Illinois Department of Public Aid on the claim of retaliation, then you should use Verdict Form A.

If you find for the Illinois Department of Public Aid and against Plaintiff on the claim of retaliation, then you should use Verdict Form B.

Defendants' No. _12_
I.P.I. No. 45.01
7th Circuit Pattern Jury Instruction 1.32 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

W/drawn

Plaintiff claims that the Department allowed other employees to mistreat her because of her cooperation with the Thallman investigation. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant allowed other employees to mistreat her because of her participation in the Thallman investigation. To determine that Plaintiff was retaliated against because of her participation in the Thallman investigation, you must find two things:

1.    that Defendant would not have allowed other employees to mistreat Plaintiff if she had not participated in the Thallman investigation but everything else had been the same; and

2.    that the harassment by Mark Scheff was sufficiently severe to worsen substantially her conditions of employment as they would be perceived by a reasonable person in the position of the employee.

If you find that Plaintiff has proved both these things by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove both of these things by a preponderance of the evidence, then you must find for Defendant.

Defendant's No. _13_
*Herrnreiter v. Chicago Housing Authority*, 263 F.3d 698, 704-705 (7th Cir. 2001)
*Washington v. Illinois Dept. of Revenue,* 420 F.3d 658 (7th Cir. 2005)
7th Circuit Pattern Jury Instruction 3.02 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

*W/drawn*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEBORAH R. SULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3039 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF PUBLIC AID, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT FORM A**

We, the jury, find in favor of plaintiff, Deborah R. Sullins, and against defendant,

Department of Public Aid of the State of Illinois.

We assess damages in the amount of $_____.

_____
Foreperson

_____

_____

_____

_____

_____

_____

*W/drawn*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DEBORAH R. SULLINS,           )
                              )
                Plaintiff,    )
                              )
        v.                    )        No.  04-3039
                              )
THE ILLINOIS DEPARTMENT OF    )
PUBLIC AID,                   )
                              )
                Defendant.    )

## <u>VERDICT FORM B</u>

We, the jury, find in favor of defendant, Department of Public Aid of the State of

Illinois, and against plaintiff, Deborah R. Sullins.

_____

Foreperson

_____

_____

_____

_____

_____

_____

*W/drawn*

The defendant is a state agency and can act only through its officers and employees.  Any act or omission of an officer or management or supervisory employee within the scope of his employment is the action or omission of the defendant state agency.

Plaintiff's Instruction No. 7A
I.P.I. Instruction No. 50.11

*Refused*